## O'KEEFE v. FOSTER, RECEIVER ET AL.

PARTIES IN ERROR—ESTATES OF DECEDENTS—PRESENTATION OF CLAIMS—WAIVER BY ADMINISTRATOR—ACTION TO ENFORCE LIEN—PLEADING—JUDGMENTS AGAINST ADMINISTRATOR—AT-TACK OF BY WAY OF MOTION, BY CREDITOR OF ESTATE—MODIFICATION OF JUDGMENT AT SUCCEEDING TERM.

1. The appearance of a party in a proceeding in error is tantamount to his being brought into court by service of a summons in error.

2. A creditor of an estate of a decedent has sufficient interest in a judgment rendered against the administrator to be paid in due course of administration, to inquire into the legality of the proceedings leading up to the judgment, and the judgment itself, as such creditor is directly interested in the distribution of the assets of the estate.

3. The creditor may attack such a judgment during the term by a motion, upon due notice, to modify or vacate the same.

4.  A judgment may be carried over the term by a motion to vacate or modify it, filed, upon notice, at the term at which it was rendered, and such motion may be determined at the suceeding term of the court, and the judgment then modified.

5.  The administrator of an estate of a decedent cannot waive the statute requiring the presentation of claims within a limited time.

6.  In order to maintain an action against an administrator, except to enforce a lien against specific property subject to it, there must have been a presentation of the claim to the administrator, and there must be an allegation in the petition to the effect that the claim has been presented and rejected, or that there has been a failure to allow it within the statutory period fixed for the allowance or rejection of claims by the administrator.

7.  In an action to enforce a lien or mortgage upon property of a decedent recourse must be had alone to the property subject to the lien, unless the claim is first presented.

[Decided May 29, 1895.  Amended petition filed in District Court December 23, 1892.]

ERROR to the District Court for Laramie County, HON. RICHARD H. SCOTT, Judge.

Action by Julia O'Keefe against Colin Hunter, administrator of the estate, and certain named persons as heirs, of George L. Beard, deceased. The record contains an amended and supplemental petition alleging the execution and delivery to plaintiff, on April 1, 1891, by said decedent, of a certain promissory note for $2,000, and a mortgage to secure the payment of the same covering certain real estate in the County of Laramie. . That the entire agreement was not expressed in said instruments, in that it was understood that the interest was to be payable monthly. That interest was not paid for the month of September, 1891, although it was demanded, and its payment was thereon promised; and that more than thirty days having elapsed since the same became due, the whole principal sum was due and payable, according to the election of the plaintiff, in pursuance of the stipulations embraced in the mortgage. Payment of certain taxes by plain-

tiff was also alleged, the death of said Beard in November, 1891, the appointment of the administrator, and the relationship of the other defendants. Reformation of the note and mortgage was prayed for, as well as the foreclosure of the mortgage, and an order upon the administrator to pay any deficiency arising after a sale of the mortgaged property, out of the funds of the estate. No presentation of the demand to the administrator was averred. The defendants made default, and the case was tried upon said amended and supplemental petition and proof of plaintiff, the latter consisting of the mortgage and note and certain oral testimony not in the record. On May 24, 1893, judgment was rendered, by which the reformation was ordered as prayed for, the amount due to plaintiff was assessed at $2,342.35, the property was ordered sold and the proceeds thereof to be applied to the payment of the costs and expenses of the suit, and the amount due to plaintiff. Sale occurred, and was confirmed, and the deficiency, $1,524.77 and costs taxed at $77.65, was, by the court, on July 13, 1893, ordered to be paid by the administrator in due course of administration. The judgments aforesaid were rendered at the May term, 1893, of the district court. On September 2, 1893, Joel Ware Foster, as receiver of the Cheyenne National Bank, filed in said cause a motion to modify said judgments, setting forth that as such receiver he was a creditor of the estate of said decedent in the sum of $30,-732.03, and that said plaintiff had wholly failed to present her claim to the administrator as required by law. The modification asked was that the judgments for deficiency and attorney's fees be vacated. Another like motion was filed by the same party, on the seventh day of October, 1893, alleging that said receiver was a judgment creditor of said estate in the sum aforesaid. Said motions were supported by affidavits, which also stated the insolvency of said estate. The motions were filed upon due notice, prior to the adjournment of the May term, at which the judgments were rendered, and were submitted to the court at that term. At the succeeding term the motion was sustained, and the judgments in favor of the plaintiff were modified by striking therefrom the order

to the administrator to pay the deficiency and attorney fees. Exceptions were duly preserved and the plaintiff prosecuted error.

*W. R. Stoll*, for plaintiff in error.

As the statutes specify the causes for which a court may modify its own judgment after the term, and also the procedure to secure the same, such causes must exist, and such method must be pursued, the cause not being one recognized at common law. (R. S., sec. 2701.) None of the statutory causes exist in the case at bar. The proceedings were not in accordance with the statute. (R. S., sec. 2705, 2707.) The court did not adjudge that there was a valid defense, as required by statute before a judgment can be vacated after the term. Neither was the procedure according to the common law. (1 Abb. L. Dict., 110-11; 1 Black on Judg., secs. 299, 300-3; Story's Eq. Pl., 403-412.) Foster had no interest in the controversy, and was not aggrieved by the decrees. A judgment cannot be vacated or modified after the term on the ground that it is erroneous as a matter of law. (1 Black on Judg., secs. 317, 329.) If the administrator neglected his duties in failing to defend, he may be liable on his bond to injured creditors. That gives them no right to seek a modification of the judgment. Plaintiff has a right to share in the assets of the estate after the foreclosure of her mortgage. (L., 1890-91, p. 291.) The record shows a presentation of the claim because it is a matter of judgment, and the journal does not disclose that the allegation of Foster was true. It is evident that the court based its modification upon the idea that a defective petition could be reached in the way attempted in this case. A stranger to a suit may not seek to modify or vacate a judgment except by a proceeding in the nature of a direct attack upon the judgment, making all the original parties parties to the new proceeding and showing that he is injured by the judgment. An administrator may waive the presentation of a claim; and a mortgage of record, or the commencement of suit within the time allowed for the presentation of claims, is a notice to the administrator, and

no other presentation is necessary. (Estate of Cook, 14 Cal., 130; Williamson v. Anthony, 47 Mo., 299; North v. Walker, 66 Mo., 453; Stevens v. Bernays, 119 Mo., 143; Wernse v. McPike, 100 id., 476; Whitmore v. Sav. Un., 50 Cal., 145; More v. Calkins, 95 Cal., 435.)

*Benjamin F. Fowler*, and *Baird & Churchill* for defendant in error Foster.

The filing of the motions and submission to the court during the term of the judgments saved the right of defendant in error as to all modifications he might have obtained at that term, although the decision on the motions was not given until the following term. (Smith v. Best, 42 Mo., 185; Phillips v. Ordway, 101 U. S., 745.) A motion to vacate filed at the same term as the judgment may be allowed at a subsequent term. (1 Black on Judg., sec. 310, and cases cited.) Judgments are under the plenary control of the court pronouncing them during the entire term at which they are rendered. (1 Black Judg., sec. 305, 153; Bronson v. Schulton, 104 U. S., 410; Barrett v. Tilton, 119 U. S., 637; Ins. Co. v. Nichols, 109 U. S., 232; Ryan v. Thomas, 104 Ind., 59; Goddard v. Ordway, 101 U. S., 745; Stahl v. Webster, 11 Ill., 511; Robinson v. Com'rs, 12 Md., 132; Oberdam v. Comegys, 15 Ind., 496; Ruthford v. Pope, 15 Md., 579; Townsend v. Wyman, 31 id., 247; Kelly v. High, 29 W. Va., 381; Bank v. Jarvis, 26 id., 785; Martin v. Kehan, 2 Colo., 614; Patterson v. Josselyn, 43 Miss., 373; McKnight v. Strong, 25 Ark., 295; Ralston v. Latham, 18 Ind., 303; Taylor v. Lusk, 9 Ia., 444; Vollard v. Wilcox, 17 Neb., 46; Wolmerstadt v. Jacobs, 61 Ia., 372; Memphis v. Brown, 94 U. S., 715; Ballard v. Purcell, 1 Nev., 342; Green v. Ry., 11 W. Va., 685; Richardson v. Howk, 45 Ind., 451.) Even after the term, the court may correct a judgment to conform to the law. (Est. of Scholder, 46 Cal., 316.) The injury to the creditor arose as follows: 1. He was a judgment creditor. 2. The estate was insolvent. 3. By the judgment complained of plaintiff in error was given, improperly, attorney fees, and was improperly permitted to participate in the general assets.

Presentation of the claim was a necessary allegation of the petition. (Ellison v. Halleck, 6 Cal., 386; Harp v. Callahan, 46 id., 222; Pechaud v. Rinquet, 21 id., 76.) The receiver of the bank, having a direct interest in the judgment, although a stranger to the record, had the right to apply for a modification. (McWillie v. Martin, 25 Ark., 556; Robinson v. Com'rs, 12 Md., 132; Bernard v. Douglas, 10 Ia., 370; Smith v. Schwed, 9 Fed., 483; McClurg v. Schwartz, 87 Pa. St., 521; Lowber v. Mayor, etc., 26 Barb., 262.) But the intervenor may be regarded as an amicus curiæ. The court of its own motion could have modified the decree. The allowance of the claim of the receiver by administrator had same effect as a judgment. (Magran v. McGlynn, 25 Cal., 420; In re Hidden, 23 id., 362; Beckett v. Selover, 7 id., 215; Walkerly v. Bacon, 85 id., 137; Laws, 1890-91, ch. 14, sec. 13.) If a claim of mortgagee is not filed, the latter can make no claim upon the general assets of an estate. (Andrews v. Morse, 51 Kan., 30; Sims v. Richardson, 32 Ark., 297; McClure v. Owens, id., 443; Moores v. Ellsworth, 22 Ia., 299; Bank v. Doe, 19 Vt., 463; Scammon v. Ward, 1 Wash., 179; McCallum v. Pleasants, 67 Ind., 542; Teel v. Winston, 22 Or., 489; Sav. Bank v. Connell, 65 Cal., 574; Anglo-Nev. Co. v. 90 id., 393; Bank v. Charles, 86 id., 322.) In the absence of presentation, waiver of recourse necessary to give jurisdiction of the suit to foreclose. More's Est. v. More, 33 Neb., 509; Stresgirth v. Regelman, 75 Wis., 212; Talbot v. Wordle, 19 id., 174; Partello v. Holton, 79 Mich., 372; Bullymore v. Cooper, 46 N. Y., 236; Partridge v. Hannum, 2 Metc., 569; Bank v. Charles, supra. The entire judgment was therefore void, and may be attacked in any proceeding, and even after the term. Fithian v. Monks, 43 Mo., 502; Reed v. Shum, 63 Ia., 378; 1 Black on Judg., sec. 307; Ladd v. Mason, 10 Or., 308; Bruce v. Strickland, 47 Ala., 192; Baker v. Barclift, 76 id., 414; In re College St., 11 R. I., 472.

R. W. Breckons, for defendant in error, Hunter, administrator, contended that the administrator could not, and by

failing to answer, did not waive the necessity of the presentation of plaintiff's claim, and cited (Harp v. Callahan, 46 Cal., 222; Thayer v. Hollis, 3 Metc., 371; Robinson v. Hodge, 117 Mass., 222; Bank v. Wright, 8 Allen, 121; Scott v. Hancock, 13 Mass., 162; Emerson v. Thompson, 16 id., 432; Davis v. Shed, 15 id., 6; Heath v. Wells, 5 Pick., 143; Hogdon v. White, 11 N. H., 208; Company v. Barnes, 48 id., 295; Wiggins v. Adm'r, 9 Mo., 266; Stillman v. Young, 16 Ill., 326.) Also, that the commencement of the suit was a waiver of any claim upon the estate.

GROESBECK, CHIEF JUSTICE.

The original action was instituted in the district court for Laramie county by the plaintiff in error against Hunter, as administrator of the estate, and certain other defendants as heirs at law of George L. Beard, deceased, for the reformation of a certain promissory note and the mortgage of certain realty securing it, executed by said Beard in his life time, for a foreclosure of the mortgage when reformed and for judgment for attorney's fees and for any deficiency arising upon the sale of the mortgaged property. Judgment and decree in default was for the plaintiff in error and the mortgaged property was ordered sold to satisfy the debt. Upon the incoming of the report of the sale and the confirmation thereof, it appeared that the proceeds of the mortgaged property were insufficient to meet the amount of the note, and judgment was rendered for the deficiency, against the administrator, the amount thereof to be paid in due course of administration. At the same term of court at which these proceedings were had, the defendant in error, Foster, as receiver of the Cheyenne National Bank, a creditor to a large amount of the estate of the decedent, filed a motion, supported by affidavits, upon due notice to the plaintiff and judgment creditor, to modify the judgment and decree by striking out the judgment of one hundred dollars for attorney's fees, and for the deficiency, on the ground that the claim had never been presented to the administrator of the estate for allowance or rejection. At a subsequent term of the court this motion

was sustained, and the judgment modified by striking out the judgment for attorney's fees and for the deficiency, as prayed for in the motion, and proceedings in error were instituted in this court against Foster, as receiver of the bank, the moving party in the court below, to reverse the modification of the judgment ordered and entered by the district court. It was intimated in open court, after the submission of the cause, that the administrator of the estate was a necessary party, as he must be in court in order to be bound by any judgment that should be rendered by this court, and subsequently the administrator appeared by his attorney and asked to be made a party defendant in the proceedings in error in this cause. This motion was granted, and there is no necessity for reviewing the question as to whether or not there is such a defect in parties here as would preclude us from deciding the cause on its merits, as the appearance of the administrator is tantamount to his being brought into court by service of a summons in error. Hammond v. Hammond, 21 O. S., 620.

The petition does not aver the presentation of the claim to the administrator nor is recourse against the estate of the decedent waived therein. No objection was taken to this omission by the administrator, and judgment was rendered by default against him, after the sale of the mortgaged premises for the deficiency, including the amount of one hundred dollars for an attorney's fee, to be paid in due course of administration. The statute provides that: "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against the property of the estate (is) expressly waived in the complaint (petition), but no counsel fees shall be recovered in such action unless such claim be so presented." Sec. 9, ch. XIV, ch. 70 Sess. Laws 1890-91, pp. 271-272. The statute further provides for the publication of a notice to the creditors of the decedent by the administrator or executor of a decedent's estate within thirty days after letters granted

stating that letters testamentary or of administration have been granted, the date, and requiring all persons having claims against the estate to exhibit them for allowance within a specified time. All claims against the estate arising upon contracts, whether due, not due, or contingent, must be presented within the time limited in the notice, six months and one year, or they are barred forever, the only exception being that of a claimant who had no notice by reason of being absent from the State, in which case the claim may be presented before a decree of distribution is entered. Secs. 2 and 3, ch. XIV, ch. 70 Sess. Laws 1890-91.

If the executor or administrator refuse or neglect to endorse on a claim his allowance or rejection, with the day and date thereof, such neglect or refusal is deemed to be a rejection on the tenth day after the claim is presented to him. Sec. 5, id. These provisions of the probate code are the ones applicable to the case at bar, and are the usual statutory provisions for the presentation of claims and the penalty for non-presentation within the required time.

Three points arise in the case, and they will be considered separately:

1. Had Foster the right to question the judgment, he being a stranger to the original action, and in no wise interested, save as a representative of a creditor of the estate of the decedent? We think his interest as a creditor is sufficient, and that he with the other creditors had the right to inquire into the legality of the judgment, inasmuch as the judgment for the deficiency arising upon the sale must of necessity swell the liabilities of the estate, and leave a smaller amount to be distributed. While it is true, as a general rule, that a judgment will not be set aside or vacated at the motion of a third person, not a party to the action, as such parties would probably have the right to impeach a judgment collaterally whenever it comes in conflict with their rights if it was founded on fraud or collusion, there are cases where adequate protection would not be afforded by these means, and creditors have the right to proceed directly for the vacation or modification of a judgment which fraudulently abridges their own rights and

remedies. An invalid judgment by confession was set aside at the instance of a junior judgment creditor upon notice to the plaintiff. Bernard v. Douglass, 10 Iowa, 370. A judgment against an administrator may be vacated at the instance of the heirs where the conduct of the former is so negligent as to leave the latter no other remedy, and there is a good defense not presented by the defendant. Smith v. Schwed, 9 Fed., 483; see 1 Black on Judgments, sec. 317.

So, it would seem, that any lienor or judgment creditor, or any general creditor of an estate of a decedent has sufficient interest in a judgment rendered against an administrator to be paid in due course of administration, to inquire into the legality of the proceedings leading up to the judgment and the judgment itself, as such a general creditor is directly interested in the distribution of the assets of the estate.

2. Under the facts of this case, could the judgment of the court be modified at a subsequent term to that at which it was rendered?

It is the rule of the common law, adhered to generally in most of the States, that after the expiration of the term the court loses control of its judgments rendered during that term, and when the term expires they become final, and the court has no longer any power to vacate or modify them. But this rule is subject to a number of exceptions, as in the case of void judgments, for the misprison of the clerk or irregularity in obtaining the judgment or order. The latter grounds of clerical misprison and irregularity in obtaining the judgment may be by motion under our statute, while for fraud or erroneous proceedings a new action must be brought. Secs. 2701-4-5, Rev. Stat. A judgment may be carried over the term by a motion to vacate or modify it, filed upon notice at the term at which it was rendered. Such is the case here, as the motion to modify with due notice thereof was filed during the term, although not granted until a subsequent term, and this is sufficient to warrant the court to grant the relief at the ensuing term. Black on Judgments, sec. 310; Goddard v. Ordway, 101 U. S., 745; Smith v. Best, 42 Mo., 1. As the motion to modify the judgment in the case at bar,

with the supporting affidavits, was filed upon due notice to the plaintiff below, at the term at which the judgment assailed was rendered, the motion by adjournment was carried over the term, and the action of the district court at its following term in passing upon.the motion must be sustained.

3. Was the action of the court below in granting the motion to modify erroneous? The petition did not aver the presentation of.the.claim and did not expressly waive recourse against the estate. If the attention of the court below had been called to the matter by the administrator, by demurrer or other proper pleading, the petition would have been held insufficient. The terms of the statute are imperative, that "no holder of any claim against an estate, shall maintain any action thereon, unless the claim is first presented to the executor or administrator," and the only exception is in the case of the foreclosure of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against the other property of the estate is expressly waived in the petition, but no counsel fees can be recovered in such an action without presentation of the claim. The validity of the judgment foreclosing the mortgage is not attacked, and no objection is taken as to that, but merely to the judgment for the deficiency and for attorney fees. The administrator made no objection to the pleading, and it may be claimed that as he waived the non-presentation of the claim, the question can not be raised now. It is true as a general rule that the administrator may waive a general statute of limitations, and thus satisfy the conscience of the testator or decedent, but that in the matter of the presentation of the claim he can not waive the statute requiring their presentation, and in such a case a judgment would be considered as against him personally and the estate would not be bound. Wood on Limitations, sec. 188-199; 7 Am. and Eng. Cyc. Law, 282, and cases cited; Contra Pepper v. Sidwell, 36 Oh. St., 454.

There are cases to the contrary, but they do not contain a citation of authorities, and are evidently ill considered. Our statute, however, would seem to operate to prevent the ad-

ministrator from waiving the general statute of limitations, for "no claim shall be allowed by the executor or administrator which is debarred by the statute of limitations." Sec. 8, ch. XIV, ch. 70, Sess. Laws 1890-91. The statutory rule requiring the presentation of claims is a wise one, founded on enlightened experience. It shuts out doubtful or stale claims, secures a definite knowledge of the liabilities of an estate for the benefit of heirs and creditors, and subjects all of the claims to the scrutiny of one officer or trustee charged with the duty of administration and who gains a comprehensive knowledge of the entire affairs of the decedent, a valuable aid in detecting spurious claims. Without such a provision to ascertain speedily and accurately the resources and liabilities of an estate of a decedent, the distribution of property would be attended by tedious delays, and the interest of creditors and distributees postponed to suit the caprice of claimants.

Even judgments against the decedent for the recovery of money must be presented to the executor or administrator like any other claim under our statutes. A presentation of the claim and its disallowance, or a delay in allowing it equivalent to its rejection, is then a necessary allegation in a suit against an executor or administrator, under the probate code, as the right to sue such a trustee or fiduciary depends solely upon the disallowance of the claim. Where a judgment is rendered, it can only be paid in due course of administration, and it only establishes the claim in the same manner as if allowed by the administrator. In order to maintain an action against an administrator, except to enforce a lien against specific property subject to it, there must be an allegation to the effect that the claim has been presented and rejected, or that it is considered rejected upon failure to allow it within the statutory period. In an action to enforce a lien or mortgage, recourse alone must be had to the property covered by the lien, unless the claim is first presented. As the presentation of the claim was neither pleaded nor proved, and as the administrator had no right to waive the statute requiring the claim to be presented, the judgment was erroneous for counsel

fee and deficiency arising upon the sale of the mortgaged realty, and the court having upon a motion timely interposed, corrected the error by modifying the judgment to conform to the law and the facts, there is no reason for disturbing its action. The judgment of the district court modifying the judgment and decree is affirmed.

Conaway, J., and Potter, J., concur.