[No. 1570.]

PACIFIC STATES SAVINGS, LOAN AND BUILDING COMPANY, RESPONDENT, *v.* SARAH J. FOX, AS ADMINISTRATRIX OF THE ESTATE OF JOHN G. FOX, DECEASED, APPELLANT.

ESTATES OF DECEASED PERSONS—CLAIMS—LIMITATIONS—WANT OF NOTICE.
A claim against an estate of a decedent may be filed after the expiration of the statutory time for the publication of the notice to creditors barring unpresented claims, where, as provided by Stats. 1899, pp. 110, 111, sec. 108, it appears by affidavit of the claimant that he had no notice, as the publication of such notice is not summons.

APPEAL from the First Judicial District Court, Ormsby County; *C. E. Mack,* Judge.

Petition by the Pacific States Savings, Loan and Building Company for leave to file its claim against the estate of John G. Fox, deceased, after the expiration of the statutory time barring unpresented claims. From an order allowing the claim to be filed, Sarah J. Fox, as administratrix, appeals. Affirmed

The facts sufficiently appear in the opinion.

*Alfred Chartz,* for Appellant:

I.   Section 108, Stats. 1899, p. 111, says:   *   *   *   "*Provided,* that when it shall be made to appear by the affidavit of the claimant, or by other proof, that he had no notice as provided in this act, to the satisfaction of the court or judge, it may be filed at any time before the filing of the final account." It is submitted that the words "no notice" mean "any notice." And it is further submitted that the words "when it shall be made to appear" are subject to revision by the supreme court, to the end that we may all know whether it was made to appear or not.

II.   Did respondent have actual statutory notice?   Stat-

utes of 1899, p. 47, provide that all foreign corporations shall
appoint an agent upon whom all legal process may be served.
Section 2 provides that any and all legal process may be
served upon such company, by delivering to such agent per-
sonally, a copy of such process, which shall be legal and
valid. Section 3 provides that if such company fails to
appoint such agent, then such service may be made upon the
secretary of state; *provided*, that in all cases of service under
this act the defendant shall have forty days in which to
answer or plead. The several terms of the statute are to be
construed under the ordinary rules. "Foreign corporations
shall appoint an agent upon whom all legal process may be
served." Section 107 of the probate act of 1897 provides for
the manner of the service of summons by publication, and
the same was amended in 1899, at page 110. It provides
that all creditors must file their claims within three months.
The notice published as per provision is and constitutes the
character and extent of the summons or call upon the cred-
itors to come in within the time given and file their claims.
It is the character and quantity and quality of service in
such case made and provided. All other service in all other
actions must be personal, but in actions authorizing a default
against creditors of an estate, a service by publication and
posting has been substituted, and it is submitted that foreign
corporations, against whom the energy of the law and of
philosophy is now being directed in order to subject them to
legal control, are not exempt, and the legislature of Nevada
did not intend to exempt them from their control, and from
the manner of service imposed. In other words, foreign cor-
porations do not occupy any better position with reference to
the manner of the service of summons or notice upon them
than do citizens of the state, when the law of Nevada says
that such corporations shall appoint an agent within this
state upon whom all legal process may be served. It is fur-
ther submitted that the publication and posting of a notice
to creditors is a summons upon creditors to come within a
certain time and file their claims or be shut out. It is a legal
process in business and legal affairs, to wind up and settle
differences and accounts between parties. The object of the
appointment of an agent upon whom all legal process may

be served could not have been to exempt public service of summons as against personal service. It was a sweeping enactment, and could not have intended to say that executors must make personal service of notice to creditors upon foreign corporations. This particular foreign corporation, in the particular instance, is attempting to take advantage of its own wrong, and its own disobedience of our law, in attempting to show that they had no notice of the notice given to creditors in Nevada. If corporations are to be credited with a big white mark, whether they do right or wrong, may the devil save the hindmost. It is respectfully submitted that after July 6, 1899, the creditors of the estate of John G. Fox, deceased, were in default, if they had failed within that time to file their claims, whether such default was taken or not, and that, without opening such default, no claim could be filed. The petition as revealed by the record is not a petition to open a default, but is simply a petition for leave to file a claim, and the record shows that such leave to file said claim was given irrespective of the fact that petitioner had defaulted.

III. Did respondent have implied notice that Mrs. Sarah J. Fox was acting administratrix of the estate of John. G. Fox, deceased, besides having statutory notice? The evidence shows that shortly prior to her said appointment as administratrix she informed respondent of the death of John G. Fox, and the evidence shows that within one month thereafter she made payments upon the claim ordered to be filed, and continued said payments monthly to the date of said petition. Section 107, as amended in 1899, at page 110, provides that "Every executor or administrator shall, immediately after his appointment, cause to be published," etc. So, immediately after the appointment of Mrs. Fox as administratrix, respondent was charged by the law with knowing that she must give notice of her said appointment, and as they were receiving $127 50 every month from her upon their said claim, they were further charged by the law with knowledge that their said claim was being paid by a person having authority to pay, and they were further charged by the law with the knowledge that no one had any authority to pay said claim, except an executor or administrator, and

in this argument particular stress is laid upon the words in section 108 " that he had no notice," the same being claimed to mean any kind of notice, or any notice, and it is submitted that respondent did have expressed statutory notice, and implied statutory notice, and general notice by necessary implication.

*Samuel Platt*, for Respondent:

I.  The respondent herein respectfully invites attention to Statutes of Nevada, 1899, sec. 108, p. 111, providing a remedy for the creditors of the estate of a deceased person who, by their absence from the state, have received no notice as under the statute provided. There is strictly a remedial statute enacted by way of exception to the mandatory provisions forever barring claims not presented within the period required by law. It is an elementary principle of law that a remedial statute, especially when the meaning is doubtful, must be construed liberally so as to extend the remedy.

II.  "The provisions of section 130 of the statute to regulate the estates of deceased persons, that it must appear to the 'satisfaction of the administratrix and the probate judge' that the claimant had no notice, gives to those officers no power or right to arbitrarily say they are not satisfied, and to therefore reject a claim. An affidavit of the claimant, showing to the satisfaction of a reasonable, fair, and impartial mind that he had no notice, is all that is required." (*Cullerton* v. *Mead*, 22 Cal. 96.)

III.  Upon an appeal from an order which may have been a matter of discretion the appellant must show that it was made upon a ground that did not authorize the court to exercise any discretion, otherwise the appeal will be dismissed. (*Cushman* v. *Brundrett*, 50 N. Y. 296, cited in *McKenna* v. *Bolger*, 94 N. Y. 641; Enc. Pl. & Pr., vol. 2, 2d ed., p. 410, and authorities cited.)

IV.  Counsel for appellant contends that the words " when it shall be made to appear " are subject to revision by the supreme court. It is respectfully submitted that if the statute contemplated a review by a higher tribunal, its limitations would not confine the " satisfaction " to the " district court or judge " alone. The position of counsel seems to be

that the reflection of the supreme court's views must shine *a priori* upon the mind of the district judge that the opinions of both tribunals might radiate with a combined warmth. It may be possible to satisfy one court or judge when another would fail to be satisfied. However, the legislature has empowered the district courts and judges of this state with a discretionary power in the matter at issue and has relied upon their judicial insight as a sufficient precaution against unreasonable and tyrannical ruling.

V.   It was not established in testimony taken before the district judge that the company had, at the time of the publication of notice to creditors, a general agent upon whom all processes could have been served. Counsel for appellant admits this in his brief; and advances the argument that because no such agent, as required by law, had been appointed by the respondent corporation, that therefore it could not take advantage of its own wrong by pleading lack of notice herein. A notice of publication to creditors is not a legal process strictly so called; neither is it a summons. Whatever may be the analogy, the affidavits of the respondent show conclusively that no notice of the appointment of administratrix or of the publication to creditors had come to its knowledge. The testimony of Mrs. Fox only establishes the fact that the respondent had notice of the death of the deceased. Her testimony corroborates the facts verified in the affidavits with reference to the appointment of administratrix and of publication to creditors.

By the Court, BELKNAP, J.:

Respondent, a corporation created by the laws of the State of California, petitioned the district court to file its claim against the estate of decedent after the expiration of the statutory time for the publication of the notice to creditors barring unpresented claims, upon the ground that it had no notice of the appointment of appellant as administratrix, and that the final account had not been filed. Affidavits in support of the motion were also filed, and upon the showing made an order was entered allowing respondent to file its claim. The administratrix appeals from the order, claiming that the publication of the statutory notice to creditors

of her appointment, and giving them three months in which to present their claims, was summons, and, as the petitioner is a California corporation with no agent in this state upon whom process could be served, the secretary of state, under the statute of 1889 (Stats. 1889, p. 47), was its agent for that purpose, and that the publication of the summons was service upon him, and is conclusive upon the question of notice.

The act to regulate the settlement of estates of deceased persons, as amended at the session of 1899, and under which the court acted, provides:

"Sec. 107.    Every executor or administrator shall immediately after his appointment cause to be published in some newspaper published in the county, if there be one, if not, then in such newspaper as may be designated by the court or judge, and post copies thereof in three public places of the county, a notice of his appointment as such executor or administrator.    Such notice shall be properly entitled of court and cause, specifying the date of appointment, the name of deceased, and shall be dated and officially signed by the executor or administrator, and shall direct that all persons having claims against the estate are required to file the same, with the proper vouchers and statutory affidavits attached, with the clerk of the court within three months from the date of the first publication of the notice.    Such notice shall be published for at least once a week for four weeks.    After the notice shall have been given as above required, a copy thereof, with the affidavit of publication and posting, shall be filed.

" Sec. 108.    All persons having claims against the deceased must, within three months after the first publication of the notice specified in the preceding section, file the same with the necessary vouchers with the clerk of the court, who shall file and register each claim.    If a claim be not filed with the clerk within three months after the first publication of said notice, it shall be forever barred; *provided*, that when it shall be made to appear by the affidavit of the claimant, or by other proof, that he had no notice, as provided in this act, to the satisfaction of the court or judge, it may be filed at any time before the filing of the final account." (Stats. 1899, pp. 110, 111.)

In considering the question whether the notice mentioned in the above sections is summons or not, we must not overlook the provisions of section 108, to the effect "that, when it shall be made to appear by the affidavit of the claimant, or other proof that he had no notice," the court may order his claim filed. This provision violates no constitutional requirement, and requires no judicial construction. We are not at liberty to evade plainly expressed language, and must enforce the provision according to its terms. If the contentions of appellant are to prevail, no relief could be given under section 108, for the publication of the notice itself would give the claimant notice, and estop him from asserting the contrary. This would result in nullifying a beneficial provision, and creating contradictions not contemplated by the legislature.

Upon the merits, the order is fully supported by the proofs, and is affirmed.