## THOMAS vs. BIVIN*

### (No. 1309; Febr. 9, 1926; 243 Pac. 130.)

EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—APPEAL
AND ERROR—NOTICE TO CREDITORS.

1. Where notice to creditors of estate was duly published as re-
   quired by Comp. St. 1920, § 6887, and plaintiff litigated his
   claim for a period of over two years against the adminis-
   trator, he cannot, on being defeated, and after time for
   filing claims had expired, claim lack of knowledge of pub-
   lication of such notice to enable him to file claim under
   section 6889.

2. Where appellant did not object to course pursued by trial
   court in dismissing petition to file a claim on which he had
   previously brought suit, he cannot on appeal claim that de-
   fense of res judicata was prematurely decided.

3. Where judgment denying plaintiff right to file claim against
   estate recited that a final judgment was entered in previous
   action, such finding will be construed on appeal as showing
   judgment on the merits, in absence of showing in record
   to the contrary, and, if so, court was not compelled, by
   virtue of Comp. St. 1920, § 6889, to grant leave to file
   claim.

4. An affidavit of nonresident creditor of an estate, setting
   forth fact of nonresidence and want of knowledge of notice
   to creditors under Comp. St. 1920, § 6889, ordinarily makes
   a prima facie case for filing of a claim before distribution,
   but court is not bound by affidavit if it appears that claim-
   ant in fact had knowledge or must be deemed to have had
   knowledge.

5. Refusal to permit filing of claim under Comp. St. 1920,
   § 6889, *held* justified for want of sufficient showing of want
   of knowledge of notice given to creditors; plaintiff being
   under a duty to inquire as to publication of such notice,
   in view of previous suit by him against administrator on
   the same claim.

6. Where plaintiff litigated claim against general administrator,
   he will be deemed to have had knowledge of notice given to
   creditors, and hence is not entitled to file claim, under
   Comp. St. 1920, § 6889, after expiration of prescribed time.

*NOTE—See Headnotes (1) 24 CJ p. 346 n. 51 New (2, 3) 3 CJ p. 869 n. 95; 4 CJ p. 737 n. 58; 34 CJ p. 887 n. 68 (4) 24 CJ p. 367 n. 4 (5) 24 CJ p. 367 n. 4 (6) 24 CJ pp. 346 n. 51 New; 363 n. 72.

Appeal from District Court, Hot Springs County; VOLNEY J. TIDBALL, Judge.

Action by Theodore H. Thomas against W. T. Bivin, administrator of the estate of X. Whiting, deceased. From a judgment denying plaintiff's motion to file a claim against the estate, he appeals. See also, 32 Wyo. 478; 235 Pac. 321.

*Fred Wyckoff* and *Thomas & Thomas* for appellant.

Appellant had no notice that notice to creditors had been published by the permanent administrator. Appellant had brought action against the special administrator, prior to such publication, which was defeated on the ground that he had not filed his claim and an appeal was taken therefrom. Appellant was out of the State and did not receive notice. He is therefore within the exception provided by Sec. 6889 C. S. He is entitled to maintain this action because his claim was disallowed.

*C. H. Harkins* for respondent.

Appellant moved for an order permitting him to file his claim, which order was denied from which appellant appealed. The stipulation embodied in the order was that the claim had been litigated and was res judicata. Hennessy v. C. B. & Q. R. R. Co., 24 Wyo. 305. The decision was upon the merits. Houtz v. Commissioners, 11 Wyo. 175. The case could not be litigated again. The first case is reported in 32 Wyo. 478; 235 Pac. 321.

BLUME, Justice.

On February 25, 1922, Theodore H. Thomas, the appellant herein, filed a suit in the District Court of Hot Springs county, against the special administrator of the estate of Xury Whiting, seeking judgment on a claim against the estate of said decedent. Later on, during that year, W. T.

Bivin, the general administrator of the estate of said decedent, was substituted as defendant in that case. The cause was tried and final judgment was entered therein on May 19, 1924. It does not appear in whose favor the judgment terminated, but probably in favor of the administrator of the said estate. On the following day, namely May 20, 1924, the appellant herein filed a motion for an order allowing him to file a claim against the estate of said decedent. He supported his motion by an affidavit, in which he alleges the following facts, namely: That he is now and for twenty years has been a resident of the state of Colorado; that he is the claimant and owner of a just and meritorious claim against the estate of X. Whiting, deceased; that W. T. Bivin, now is and has been since about June, 1922, the duly qualified and acting administrator of the estate of said decedent; that on or about the 13th day of July, 1922, the administrator of said estate duly published a notice requiring all persons having claims against said estate to exhibit them for allowance to the administrator within the time provided by law; that affiant had no knowledge of the publication of the notice aforesaid, by reason of being out of the state of Wyoming; that the first information affiant had thereof was on May 15, 1924, when he was in Thermopolis attending court, and discovered that fact for the first time upon examination of the records of the estate of said decedent; that affiant had not been in the state of Wyoming during 1921, 1922 and 1923, and that he did not learn from his attorney or from any one else that any notice to creditors had been published by the administrator of said estate; that said estate is in process of being administered and settled; that the assets of said estate amount to $80,000, and that no decree of the distribution has been made in said estate.

An order and judgment was entered on the motion aforesaid on January 3, 1925, substantially as follows: This matter comes on for hearing in open court this 21st

day of November, 1924, upon the motion of Theodore H. Thomas, supported by his affidavit filed herein on October 31, 1924, for an order allowing said Thomas to present his claim against the estate of X. Whiting, deceased. Said Thomas appears by Fred Wyckoff, his attorney, and said estate appears by C. H. Harkins, its attorney, and it is stipulated and agreed in open court that the claim sought to be presented in this proceeding is the same claim upon which said Thomas filed suit in this court against said estate on February 25, 1922, which said claim was tried in this court and final judgment entered therein on May 19, 1924. The court accordingly finds: That said Thomas filed suit in this court against said estate upon the identical claim which he asks permission to present to said estate; that said suit was filed February 25, 1922, against the special administrator of said estate; that thereafter the general administrator of said estate was substituted as party-defendant therein; that said suit was tried and final judgment entered therein on May 19, 1924; that said Thomas is not entitled to an order authorizing him to present his claim against the administrator of said estate. It is accordingly ordered, adjudged and decreed by the court that the motion of said Thomas be, and the same is, denied. From the order and judgment of the court so entered, said Theodore H. Thomas has appealed to this court.

Section 6887, W. C. S. 1920, provides that an administrator or executor shall publish notice of his appointment, stating the date thereof, and requiring all persons having claims against the estate to present them within six months after the date of the letters, and if not presented within one year from the date of said letters, the claim shall be forever barred. Section 6889 provides that all claims arising upon contract must be presented within the time limited in the notice, and that any claim not so presented is barred forever. The section further provides as follows:

"Provided, however, that when it is made to appear by the affidavit of claimant to the satisfaction of the court or a judge thereof, *that the claimant had no notice as provided in this chapter,* by reason of being out of the state, it may be presented at any time before a decree of distribution is entered."

The notice to creditors in the case at bar was duly published, as appears in the record before us, on July 13, 1922, and it is conceded that the claim of appellant herein would be barred, unless he is entitled to relief under the quoted provisions of section 6889, supra, as a non-resident of this state.

1.   There may be some doubt as to whether or not the order appealed from is a final order. See Tropico Land etc. Co. v. Lambourn, 170 Cal. 33, 148 Pac. 206. But we shall not pass upon the point, in view of the fact that it has not been presented or argued herein. But we might say, before proceeding further, that appellant's position is unique. It would seem to be rather remarkable that when notice to creditors was duly published as required by law, and appellant litigated his claim against the estate of the decedent for a period of over two years, he should, upon being defeated, and after the time for filing claims for parties generaly had expired, be able to say that he had no actual knowledge of the publication of such notice and accordingly assert a right to file or refile his claim thereafter, and be permitted to relitigate it all over again. We have been cited to no precedent of that kind, and we do not think that any can be found. Respondent says that the claim is res judicata, and it appears to be so. Appellant, however, contends that, in view of the conceded fact that the estate of the decedent was not yet distributed, the only point before the district court in this proceeding was as to whether appellant had knowledge of the publication of notice to creditors by reason of his absence from the state, and that the defense of res judi-

cata could not be raised at that time. Whatever merits there might ordinarily be in that contention, appellant did not object to the course pursued by the trial court. In fact, he agreed to that course, and he is not now in position to say that such defense was not decided at the proper time. The judgment in the former case is not in the record before us, to show us the scope thereof. It does not even appear, as heretofore stated, whether it was in favor of, or against, appellant, and for aught that is shown herein, appellant may already have a judgment in his favor for the claim now in controversy. It may be, however, that we should assume, in view of appellant's present contention, that the judgment went against him. It is possible that the decision was not upon the merits, and may have been rendered upon grounds not barring another action (see 34 C. J. 778-9, 887; Westboy v. Gray, 116 Cal. 660, 48 Pac. 800); but the judgment in the present proceeding states that the action above mentioned was prosecuted to final judgment, and that a final judgment was entered therein on May 19, 1924. We cannot construe this finding to mean anything else than that the judgment was final in its true sense, namely that the decision was upon the merits, and if that is not true, the appellant should, in some manner, we think, have made that fact to appear in the record in the present proceeding. This has not been done, and we think that when the lower court found that the claim sought to be presented by appellant against the estate of the decedent had already been finally adjudicated, it was not compelled by virtue of section 6889, supra, to grant leave to file it, as requested. That section cannot be construed to compel a court to make a useless order.

2. We need not rest our decision upon the preceding point alone, and think that the trial court was justified in refusing to grant the appellant the relief which he asked, on the ground that he made no sufficient showing of his want of knowledge of the notice given to creditors. Ordi-

narily, doubtless, an affidavit by a non-resident creditor
of an estate, which sets forth the fact of his non-residence
and of his want of knowledge contemplated by section
6889 supra, would make a prima case, and the court
should not arbitrarily decide that it is not satisfied of the
truth of the facts shown. Cullerton v. Mead, 22 Cal. 96.
Nevertheless, the court must be satisfied, to the extent
that a reasonable, fair and impartial mind is satisfied, that
the claimant had no notice, and it is not at all bound by
the allegations in the claimant's affidavit, if under all of
the facts presented or circumstances shown in the proceed-
ing, it appears that a claimant in fact had knowledge or
must be held to have had knowledge. See Tropico Land
etc. Co. v. Lambourn, supra.

It may be fairly inferred from the affidavit which ap-
pellant filed in this proceeding that he had a resident at-
torney in this state, who represented him in the litigation
already mentioned, and which involved the identical claim
now in controversy. It is not shown that such attorney
did not have full knowledge of the publication of the
notice to creditors. It is only alleged that he did not in-
form appellant thereof. But he and appellant both knew
of the death of the decedent, as well as the fact that Bivin
had been appointed and was acting as general adminis-
trator, and both certainly had reasons to believe that the
latter would do his duty and would give the ordinary
notice to creditors required by law. If, as appellant now
claims, the fact of giving such notice was important as to
him, the litigation in which he was engaged with the ad-
ministrator would naturally have suggested an investiga-
tion in connection therewith; in fact, the failure to make
it would, under the circumstances, seem to have been gross
negligence, if, we repeat, the giving of such notice was
of any importance to appellant, and we shall assume with
him that it was. But upon that theory, it was just as im-
portant for appellant to inquire as to the publication of
such notice as it was to present his claim to the adminis-

trator for allowance before bringing suit, and allege that fact in his petition, as was stated to be necessary in O'Keefe v. Foster, 5 Wyo. 351, 40 Pac. 525. It has been held that if a claimant has actual knowledge of the appointment of an administrator, presents his claim to him and deals with him as such, the fact that no notice to creditors at all is given is wholly immaterial as to him. Walker v. Gill, 2 Bailey (S. C.) 105; Collamore v. Wilder, 19 Kan. 67; Danzey v. Swinney, 7 Tex. 617. In the case at bar appellant litigated with Bivin, the general administrator of the Whiting estate, for a period of nearly two years, over the identical claim now in controversy. He must have done so, of course, upon the theory that he had knowledge of all the facts requiring him to conduct that suit, and that it was proper to litigate the claim at that time. He ought not to be permitted to change his position now, but should be held, so far as this proceeding is concerned, upon the facts here shown, to have had knowledge of the notice given to creditors, when he carried on the action.

The judgment of the district court should accordingly be affirmed and it is so ordered.

*Affirmed.*

POTTER, C. J. and KIMBALL, J., concur.