In Re HASKINS' ESTATE.

AMERICAN SURETY CO., Appellant, v. HASKINS, Respondent.

(231 N. W. 942.) ·

(File No. 6379. Opinion filed August 12, 1930.)

*Wm. H. Warren,* of DeSmet, and *Bailey & Voorhees,* of Sioux Falls, for Appellant.

*E. F. Green* of DeSmet, and *Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

POLLEY, J.  On the 31st day of January, 1920, the plaintiff, American Surety Company, a foreign corporation, executed a surety bond to the United States government in the sum of $15,000 for the protection of certain funds belonging to the federal government, which were deposited in the First National Bank of Oldham.  For the purpose of indemnifying the surety company against possible loss on the said surety bond, one Harlow L. Haskins with others executed an indemnity bond to the said surety company.  On the 2d day of November, 1923, the said Haskins died.  An administrator of his estate was appointed; notice to creditors was published, and the time for presenting creditors claims against the estate expired on the 3d day of July, 1924.

On the 22d day of January, 1925, the said First National Bank of Oldham became insolvent and suspended business.  At this time there was on deposit in said bank the sum of $14,147.30 belonging to the federal government, and on the 12th day of March, 1925, the said surety company paid this amount to the government.  The surety company first learned of the death of said Haskins on the 19th day of February, 1925, and on the 18th day of March, 1925, the surety company presented to the administrator of the Haskins estate a claim for the amount it had paid the government.  The said administrator refused to accept or file the said claim as a claim against the said estate and gave as his reason therefor the fact that

said claim was not presented or filed within the time fixed by the notice to creditors and by the provisions of sections 3386 and 3389, Rev. Code 1919.

Application for leave to file said claim was made to the county court. This application was denied by the county court, and from the order denying same plaintiff appealed to the circuit court. The circuit court affrmed the county court, and plaintiff appeals to this court.

It is the contention of appellant, first, that under the provisions of section 3389 it was excused from filing its claim with the administrator within the time fixed by section 3387, Rev. Code 1919, "by reason of being out of the state." And whether plaintiff was "out of the state" during the time specified in the notice to creditors is the only question involved in the case. We do not think plaintiff was "out of the state," within the meaning of section 3389, Rev. Code 1919.

Plaintiff is a foreign corporation, and being a surety company is governed by the law governing insurance companies. Section 9386, Rev. Code 1919.

Section 9182, Rev. Code 1919, provides that: "No foreign insurance company shall, directly or indirectly, issue policies, take risks or transact business in this state, until it shall have first appointed, in writing, the commissioner of insurance to be the true and lawful agent of such company in and for this state, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company existed in this state. Such appointment shall stipulate, upon the part of the company, that any lawful process against the company which is served on such agent shall be of the same legal force and validity as if served on the company, and that the authority shall continue in force so long as any liability remains outstanding against the company in this state."

After this appointment is made the company is no longer "out of the state," but through the person of the commissioner of insurance is present in the state; indeed by a compliance with the above provisions of law the company, for jurisdictional purposes, becomes domiciled in the state.

"A corporation which seeks to establish a business domicile in a state other than that of its creation must take that

234

domicile as individuals are always understood to do, subject to all the responsibilities and burdens imposed by the laws which it finds in force there. It becomes amenable to the laws of the latter state and to the process of its courts, upon the same principle, and to the same extent as natural persons or domestic corporations." 14a C. J. p. 1240. The notice to creditors is process; it is jurisdictional and is issued for the purpose of bringing in all persons who have claims against the estate. It is binding on all persons within the state whether they have notice or not; and on all persons without the state who do have notice. Crosby v. Taylor, 54 S. D. 153, 222 N. W. 686.

Plaintiff having been in the state at the time the notice to creditors was published is charged with notice of the time within which to present its claim, and not having presented its claim within the time fixed by the notice, such claim is forever barred by the provisions of sections 3386 and 3389, Rev. Code 1919.

The order appealed from is affirmed.

BROWN, P. J., and SHERWOOD and BURCH, JJ., concur.

CAMPBELL, J., concurs in result.