In re EWLES' ESTATE.
CRANE et al. v. FEDERAL LAND BANK.

No. 6616.  Decided December 10, 1943.  (143 P. 2d 903.)

*E. J. Skeen* and *J. D. Skeen,* both of Salt Lake City, for appellants.

*Carvel Mattsson,* of Richfield, and *Richard W. Young,* of Berkeley, Cal., for respondent.

WADE, Justice.

This is an appeal from an order of the District Court directing the administratrix of the estate of Eliza A. Ewles to pay in full a deficiency judgment in favor of the Federal Land Bank before distributing the estate.

Eliza A. Ewles died on October 30, 1933; in November, 1934, her daughter, Maud E. Crane, was appointed administratix of her estate. At the time of her death she owned certain real estate, a part of which was covered by a mortgage to the Federal Land Bank of Berkeley, hereinafter called the bank. Her heirs consisted of four daughters and one son. On December 21, 1934, the first publication of notice to creditors was given wherein creditors were notified to present their claims on or before February 20, 1935. On May 2, 1939, more than four years after the time for presenting claims according to the notice had expired, the Federal Land Bank presented its claim on the note and mortgage and attached thereto an affidavit stating that because its office was in Oakland, California, neither the bank nor its officers had received a copy of the paper in which the notice to creditors was published; nor had they received notice or knowledge thereof until April 14, 1939, and asked the court to grant permission to present its claim at that time in accordance with Sec. 102-9-4, R .S. U. 1933 (U. C. A. 1943).

The administratrix filed objections to the presentation of this claim and appeared with her counsel at the hearing thereon which was held on May 9, 1939. The court found that the bank had received no notice of the publication of notice to creditors by reason of its being out of the state and allowed it to present it claim.

The administratrix rejected the claim and the bank commenced an action to foreclose its mortgage. The administratrix answered but failed to appear at the trial. The court gave judgment for $4,380.12 and ordered the mortgaged property sold, the proceeds to be applied to the payment of the judgment and a deficiency judgment

entered for the balance, if any, thereafter. The sheriff sold the property and applied the proceeds thereof to the payment of the judgment and made his return and after a further payment was credited thereon, there remained a deficiency judgment of $1,937.53. Although there was other real and personal property belonging to the estate, the administratrix failed to make any accounting thereof, did not sell the property or make any further payments of said judgment, and the bank, after considerable negotiation, petitioned the court for her removal. The administratrix answered this petition and filed a report of her administration of the estate. The hearing thereon was had on March 10, 1942. Thereafter and before the court rendered its decision Bernice Larson, a daughter of deceased and an heir of her estate, filed a petition alleging that the court had improperly allowed the bank to present its claim after the time therefor had expired; that the bank knew of the death of the deceased, of the appointment of the administratrix of her estate and had taken an active part in operating and renting the farm covered by the mortgage and was therefore charged with notice of the publication of the notice to creditors; and that the hearing wherein the court approved and allowed it to present its claim was an ex parte hearing which was held without notice to petitioner. She asked the court to adjudge the claim as void and of no effect as against petitioner's distributive share of the estate. The bank answered and the matter was submitted on the evidence adduced on the March 10th hearing and some documentary evidence in addition. On February 19, 1943, the court made its Findings of Fact and Order thereon, in which it held that the court had properly allowed the bank's claim to be presented; that it was a valid claim against the estate and ordered her to pay the same before finally distributing the assets thereof. From this order petitioners appeal.

The Federal Land Bank of Berkeley is a corporation whose office is located at Berkeley, California, and which

is organized under an act of Congress, 12 U. S. C. A. §§ 671-701. It has the right to and does make loans on farms located within this state without complying with the statutes governing foreign corporations doing business within this state. It does not maintain an office within this state, nor is there any general officer, agent or process agent within this state. During all of the time covered by the facts of this case the Salina National Farm Loan Association, a corporation organized under the same act as the Federal Land Bank of Berkeley, 12 U. S. C. A. §§ 711-761, operated an office at Richfield, Utah, which was in charge of its Secretary-Treasurer. This is an independent corporation and not an agent of the bank. It services the loans made by the bank and is required to endorse the notes and mortgages of its members and therefore it is interested in seeing that these members make payments required by their notes and mortgages.

Sec. 102-9-4, R. S. U. 1933 (U. C. A. 1943) after providing that all claims arising on contract not presented within the time limited in the notice is forever barred reads:

"* * * when it is made to appear by the affidavit of the claimant, to the satisfaction of the court or judge thereof, that the claimant had no notice as provided in this chapter by reason of being out of the state, it may be presented at any time before a decree of distribution is entered; * * *."

The appellants urge two grounds why the bank should not be allowed to present its claim after the expiration time stated in the notice. First, the bank was not "out of the state" under the meaning of term as used in the statute; secondly, the bank had at least constructive notice of the notice to creditors and therefore should not have been allowed to present its claim.

Was the bank "out of the state" under the meaning of that term as used in the statute? When applied to a natural person the meaning of that term is clear; it means that

the person was physically outside the boundaries of the state. It does not require foreign citizenship, domicile, residence or usual place of abode, nor is he any less out of the state because he carries on a business or has agents or employees within the state. However, it is a difficult problem to determine when a corporation, which is an intangible entity and can act only through its agents, is out of the state. It is well established that a foreign corporation which has obtained permission to do business in and has a process agent within the state is not out of the state, as that term is used by this statute. *Tropico Land & Improvement Co.* v. *Lambourn*, 170 Cal. 33, 148 P. 206; In re *Haskin's Estate*, 57 S. D. 231, 231 N. W. 942; *American Surety Co.* v. *Blake*, 45 Idaho 159, 261 P. 239; *Penn Mutual Life Ins Co.* v. *Beauchamp*, 57 Idaho 530, 66 P. 2d 1020. On the other hand, it has been held that a foreign corporation with no agent within the state upon whom process can be served is out of the state under that term of the statute. *Pacific States Savings, Loan & Bldg. Co.* v. *Fox*, 25 Nev. 229, 59 P. 4.

Thus a corporation, other than a domestice corporation, since it can act only through its agents, is "out of the state" under that term as used in the statute, where it is not required to and does not maintain any agent within this state whose duty it is to look after such claims. Here the place of business of the bank was located in Berkeley, California, and it was not required to nor did it maintain any office or agent within this stae. However, appellants contend that since the bank was authorized to make loans on farms within this state without complying with our statute governing foreign corporations doing business within this state it is a domestic corporation and therefor not "out of the state." *Fisher & Van Gilder* v. *First Trust Joint Stock Land Bank*, 210 Iowa 531, 231 N. W. 671, 69 A. L. R. 1340, holds that under a statute governing the service of process, the defendant, a land bank created under the same act of Congress as the bank in this case, which

was located in Chicago, Illinois, was not a "resident" of Iowa where it had no agent office or representative, although it had the right to and did engage in business within that state. The court in reaching that conclusion said that the defendant was not a domestic corporation of Iowa because that term connotes a corporation organized under the laws of that state. The bank not being organized under the laws of this state is not a domestic corporation and the fact that it is doing business in this state does not prevent it from being "out of the state" under our statute.

Appellants contend that the Secretary-Treasurer of the National Farm Loan Association, with offices at Richfield, Utah, was the agent of the bank and therefore the bank was not "out of the state." The Secretary-Treasurer of the Salina National Farm Loan Association, which serviced this loan, did maintain an office at Richfield, Utah. Such associations are federal corporations created under the same act as the bank. Members of such associations are qualified to obtain loans from the bank and the association services and guaranties the loans of its members from the bank. The members of the association choose its officers and these choose the Secretary-Treasurer. The Secretary-Treasurer has charge of the office, services the loans from the bank to its members, and is paid by the association. 12 U. S. C. A. §§ 711-721. He is not chosen, controlled or paid by the bank, and except when specially authorized to do so, has no authority or duty to act in its behalf. In this case he was not specially authorized to act for the bank and therefore was not its agent. *Bjorkstam* v. *Federal Land Bank of Spokane,* 138 Wash. 456, 244 P. 981; *Holvick* v. *Black,* 57 N. D. 270, 221 N. W. 71; *Federal Land Bank of Omaha,* v. *Bonnett,* 226 Iowa 112, 284 N. W. 97.

In the case last cited the bank asked to be relieved from its failure to present its claim in time under a statute which provided that if a certain class of claims were not filed in time they are barred "unless peculiar circumstances entitle the claimant to equitable relief," Sec. 11972, Code of Iowa

1935. The question of being out of the state was not in- volved. The court recognized that the Secretary-Treasurer of the local National Farm Loan Association was not the agent of the bank but held that the bank should not be re- lieved because it maintained a representative and field man, who lived in the community where the deceased died and his estate was administered, and whose duty it was to look after the bank's claims. Here the evidence is un- contradicted that the Secretary-Treasurer of the local Na- tional Farm Loan Association was not authorized to act for the bank in any matter pertaining to this loan, and that the bank maintained no agent in the state. The bank was therefore "out of the state" under the provisions of the statute in question.

Did the bank have constructive notice of the notice to creditors? Sec. 102-9-1, R. S. U. 1933 (U. C. A. 1943) re- quires every administrator, immediately after his appoint- ment, to publish notice to creditors. If the bank knew of the death of deceased and the appointment of the administratrix, it was its duty to keep informed on the time within which it could present its claim, and if it failed to do so the court will not relieve it from its lack of diligence. *Federal Land Bank of Omaha* v. *Bonnett*, supra; *Thomas* v. *Bivin*, 34 Wyo. 317, 243 P. 130. However, if the bank first learned of these facts after the expiration of the time within which it could present its claim such knowledge cannot affect its right to be allowed to present its claim later. When once brought within the exception, the statute expressly provides that the claim "may be pre- sented at any time before a decree of distribution is entered." Sec. 102-9-4, R. S. U. 1933 (U. C. A. 1943). When the bank first learned of the death of deceased and appointment of the administratrix is a question of fact on which the district court failed to definitely find and we will therefore have to determine this from the evidence.

Appellants argue that the bank is bound by the facts which were known to the Secretary-Treasurer of the local

National Farm Loan Association. As we have shown this argument is not tenable. The bank would not be bound by his knowledge unless he was its agent. To prove knowledge of the bank of the death of deceased and the appointment of the administratrix of the estate, appellants introduced in evidence a large number of documents consisting of statements, accounts, receipts and other instruments in which Maud E. Crane was designated as administratrix. In many of these documents the bank was a party. A careful examination of each of these instruments reveals that they were all made subsequent to the expiration of the time for presenting claims, therefore they do not prove appellants' contentions. During the trial it was stipulated that on April 25, 1934, Blaine Ewles and his wife gave a chattel mortgage to the bank covering the crops to be grown on the property covered by the bank's mortgage. This was after the death of the deceased but prior to the appointment of the administratrix. There is, however, nothing in that stipulation which shows that the instrument disclosed to the bank that the deceased was dead. There is no other evidence which proves that the bank had knowledge of these facts within the time allowed for the presentation of claims. In the absence of such evidence the trial court was correct in allowing the bank to present it claim after the time therefor had expired.

Judgment affirmed with costs to respondent.

WOLFE, C. J., and McDONOUGH, J., concur.

LARSON and MOFFAT, JJ., dissent.