Points Decided.

(No. 4892.   November 8, 1927.)

# AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Appellant, v. J. W. BLAKE and GRACE BLAKE, Administratrix of the Estate of P. H. BLAKE, Deceased (Substituted for J. J. BLAKE, Executor of the Estate of P. H. BLAKE, Deceased), Respondents.

[261 Pac. 239.]

ESTATES OF DECEASED PERSONS — CLAIMS AGAINST — FOREIGN CORPORATIONS COMPLYING WITH LAWS ARE SUBJECT TO STATUTE OF LIMITATIONS—APPEAL AND ERROR—PROOF OF MAILING LETTER—SUFFICIENCY — INDEMNITY AGREEMENT—CANCELATION—NOTICE—TIME— PRIMA FACIE EVIDENCE OF—CONSIDERATION—INDEMNITORS—OBLIGATION—DISCHARGE.

1. Foreign corporation, prohibited under Const., art. 11, sec. 10, from doing business within state without having agent on whom process may be served, having designated agent in Idaho for service of process under C. S., sec. 4773, *held* within sections 4778, 4779, and not considered as "out of state," within section 7581, so as to be permitted to file claim against a decedent's estate more than ten months after notice to creditors.

2. While a foreign corporation is not compelled to do business in Idaho, if it does so, within Const., art. 11, sec. 10, and C. S., secs. 4773, 4778, 4779, it becomes subject to the same laws and statute of limitations as a domestic corporation.

3. In action to recover on indemnity agreement, where defendant identified copy of letter sent to plaintiff terminating agreement, since, when copy was offered, plaintiff made no objection to sufficiency of proof of mailing, proof, clothed with presumption surrounding proof of mailing, must be considered sufficient to show mailing and receipt.

4. Where, under agreement of indemnity, defendant indemnitors agreed to furnish plaintiff surety company release of its liability on bond as condition of their release from liability as indemnitors, letter from them to surety as notice to cancel their responsibility in connection with bond *held* insufficient to absolve them from liability already accrued.

5. Where defendants under indemnity agreement agreed to · furnish surety company complete cancelation and release of liability on bond as condition of their release, notice in their letter to surety company canceling any responsibility in connection

with bond was sufficient to absolve them from further liability accruing after reasonable time, within which surety could secure its own release by giving notice of withdrawal, under C. S., sec. 314.

6. In action to recover on indemnity agreement in consideration of plaintiff surety company's execution of bond for bank as state depository, and which provided that voucher showing payment by plaintiff was *prima facie* evidence of indemnitor's liability to plaintiff, introduction in evidence of voucher showing payment made by surety to state on insolvency of bank made *prima facie* case of indemnitor's liability for full amount of voucher.

7. In action on indemnity agreement executed by stockholders of a bank, in consideration of plaintiff surety company's execution of bond for bank as state depository, so long as bank remained depository, there was sufficient consideration to support agreement, and fact that indemnitors ceased to be stockholders did not relieve them of liability, where it was incumbent on them first to relieve surety company from its liability on bond already assumed.

8. Where stockholders of bank executed indemnity agreement in consideration of plaintiff surety company's execution of a bond for bank as state depository, fact that surety company demanded of bank a new agreement did not release indemnitors, in absence of new indemnity, or release of bond already executed, and of liability of surety thereon.

9. Where stockholders of bank executed indemnity agreement in consideration of surety company's execution of bond for bank as state depository, act of surety company continuing bond after notice to state of cancelation *held* within its rights under terms of indemnity agreement, which covered, not only bond, but alterations, renewals, extensions or modifications.

---

Publisher's Note.

2. Application of statute of limitations to foreign corporation, see note in 52 Am. Dec. 256. See, also, 12 R. C. L. 27.

See Appeal and Error, 3 C. J., sec. 739, p. 828, n. 71; 4 C. J., sec. 2700, p. 758, n. 61.

Corporations, 14a C. J., sec. 3945, p. 1240, n. 28.

Executors and Administrators, 24 C. J., sec. 957, p. 336, n. 89; sec. 958, p. 336, n. 90.

Indemnity, 31 C. J., sec. 14, p. 423, n. 91; sec. 23, p. 429, n. 84; sec. 25, p. 432, n. 6; sec. 42, p. 444, n. 44, 48 New; sec. 72, p. 471, n. 63.

Limitations of Actions, 37 C. J., sec. 18, p. 698, n. 72.

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

Action on indemnity agreement. Judgment for defendants. *Affirmed* in part and *reversed* in part.

Guy W. Wolfe, for Appellant.

This is a suit upon an indemnity agreement wherein the respondents, in consideration of the execution of a surety bond, agreed "to at all times indemnify and save the surety harmless from and against every claim, demand, liability, etc.," by reason of such suretyship and "any and all renewals and extensions thereof." The contract was in writing and its terms are to be construed as any other contract. (22 Cyc., p. 84; 14 R. C. L. 46.)

The surety bond having been breached, the vital question in the case is whether or not the indemnity agreement was effective when the surety paid the loss under its bond. (*National Surety Co. v. Campbell,* 108 Wash. 596, 185 Pac. 602; *National Surety Co. v. Blumauer,* 247 Fed. 937.)

The indemnity contract cannot be canceled, rescinded or abrogated except in accordance with its terms. (14 R. C. L., p. 60, sec. 18; *Morrow v. Campbell,* 7 Port. (Ala.) 41, 31 Am. Dec. 704.)

The notice of election to cancel the surety bond being withdrawn before the ninety-day period fixed by the statute, no cancelation of the bond was effected. (C. S., secs. 311, 314 and 326; 32 Cyc., p. 86.)

The indemnitors are not released by an act of their principal which does not vary their contract or the relations of the parties. (*Roach v. Summers,* 87 U. S. 165, 22 L. ed. 252.)

Foreign corporations complying with the laws of Idaho and doing business within the state are yet nonresidents of the state, the only effect of the compliance being, to create an agency upon whom personal service of process in actions

arising within the state may be made. (C. S., secs. 4773, 4775–4778.)

Such a corporation otherwise is entitled to the rights and privileges granted a natural person residing without the state. (*Boyer v. Northern Pac. Ry. Co.*, 8 Ida. 74, 66 Pac. 826, 70 L. R. A. 691; *Bergner & Engel Brewing Co. v. Dreyfus*, 172 Mass. 154, 70 Am. St. 251, 51 N. E. 531; *Jennings v. Idaho Ry. etc. Co.*, 26 Ida. 703, Ann. Cas. 1916E, 359, 146 Pac. 101, L. R. A. 1915D, 115.)

Cox & Martin, for Respondent Grace Blake, Admx.

Statutes limiting the time for presentation of claims in probate are statutes of limitation. (*Pulliam v. Pulliam*, 10 Fed. 53; Woerner's Am. Law of Administration, 2d ed., p. 912, par. 400.)

Foreign corporations which have complied with local laws may plead and are subject to local statutes of limitation. (C. S., secs. 4778, 4779, 6622, 7581; *McCabe v. Illinois Central Ry. Co.*, 13 Fed. 827; *Tiller v. St. Louis & S. F. R. Co.*, 189 Fed. 994; *Southern Ry. Co. v. Mayes*, 113 Fed. 84, 51 C. C. A. 70; *Pennsylvania Co. v. Sloan*, 1 Ill. App. 364; *Thompson v. Texas Land & Cattle Co.* (Tex.), 24 S. W. 856; *Ilse v. Aetna Indemnity Co.*, 69 Wash. 484, 125 Pac. 780; *Bank of America v. Whitney Central Nat. Bank*, 261 U. S. 171, 43 Sup. Ct. 311, 67 L. ed. 594.)

A. H. Oversmith, for Respondent J. W. Blake.

A guarantor's liability may be released through laches. (*In re Kelley*, 173 Mich. 492, Ann. Cas. 1914D, 848, 139 N. W. 250.)

A surety is a favorite of the law and should be held only where his liability is fixed by the most strict law. (*City of Pocatello v. Fargo* (on rehearing), 41 Ida. 432, 242 Pac. 297; *United States v. Bayly*, 39 App. D. C. 105, 41 L. R. A., N. S., 422.)

Letters of the bank alone were sufficient notice to the appellant of the change of stockholders in the Fidelity State Bank. (*General Motors Acc. Corp. v. Gandy* (Cal. App.),

248 Pac. 999; *Bridgeport State Bank v. Union Warehouse & Milling Co.,* 137 Wash. 190, 242 Pac. 13.)

Under the terms of the indemnity agreement it was incumbent upon appellant to show that the guarantors requested the continuation of the bond by the payment of the annual premium. (*National Surety Co. v. Campbell,* 108 Wash. 596, 185 Pac. 602.)

TAYLOR, J.—Plaintiff, American Surety Company of New York, appellant, brought this action to recover upon an indemnity agreement executed by defendant J. W. Blake and P. H. Blake, then stockholders, and president and cashier, respectively, of Fidelity State Bank of Orofino, in consideration of plaintiff's execution of a bond for the bank as a state depository. The bank became insolvent upon April 8, 1921, and plaintiff, upon July 2, 1921, paid the state of Idaho $1,291.40, which it seeks to recover.

P. H. Blake having died, a claim was presented against his estate prior to decree of distribution but more than ten months after publication of notice to creditors. This claim was disallowed as not filed in time and barred by C. S., sec. 7581. The defendant made two defenses: First, that the indemnity agreement was not in effect when the insolvency occurred; and, second, as to the estate, the bar of the statute of limitations.

[1] The court found that the indemnity agreement was not in effect, and that the plaintiff, a foreign corporation, having designated an agent in Idaho for service of process, and otherwise complied with the constitution and laws of Idaho as a foreign corporation doing business in Idaho, was not entitled to be considered as "being out of the state" within the purview of C. S., sec. 7581, and thus file its claim more than ten months after notice to creditors.

Plaintiff was stipulated to be a foreign corporation lawfully doing business in this state. Under sec. 10, art. 11, of the constitution, it was prohibited from so doing business without having "an authorized agent or agents in the same, upon whom process may be served." The same section

provides that no corporation formed under the laws of any other state "shall have or be allowed to exercise or enjoy, within this state any greater rights or privileges than those possessed or enjoyed by corporations of the same or similar character created under the laws of this state." C. S., sec. 4773, designed to carry into effect this provision of the constitution, requires such corporation to designate some person "upon whom process issued by authority of or under any law of this state," may be served. C. S., sec. 4778, denies to a noncomplying foreign corporation doing business in the state the benefit of statutes of limitations. C. S., sec. 4779, gives to foreign corporations complying with such requirements "all the rights and privileges of like domestic corporations," and makes them "subject to the laws of the state applicable to like domestic corporations."

[2] A foreign corporation is not compelled to do business in this state, but if it does so within the spirit and intent of the constitutional and statutory provisions it becomes subject to the same laws and statutes of limitations as a domestic corporation (*Tropico L. & I. Co. v. Lambourn*, 170 Cal. 33, 148 Pac. 206; *Bank of the United States v. McKenzie*, 2 Brock. 393, 2 Fed. Cas. 718, Case No. 927; *Stanhilber* v. *Mutual M. I. Co.*, 76 Wis. 285, 45 N. W. 221; *Fire Assn. of Philadelphia v. New York*, 119 U. S. 110, 7 Sup. Ct. 108, 30 L. ed. 342; *Ex parte Schollenberger*, 96 U. S. 369, 24 L. ed. 853; *Paul v. Commonwealth of Virginia*, 8 Wall. (U. S.) 168, 19 L. ed. 357; 14a C. J., p. 1240, sec. 3945; 8 Thompson on Corporations, 3d ed., sec. 6585), and to permit a foreign corporation to take the advantage that this complying corporation has sought to claim, compliance for all purposes beneficial to it, but to claim to be outside of the state for the purpose of gaining the privilege of a longer period of time than a domestic corporation would have to file a claim against a decedent's estate, would be in violation of sec. 10, art. 11, of the constitution, by permitting it to "have or be allowed to exercise or enjoy, within this state . . . . greater rights or privileges than those possessed or enjoyed by corporations of the same or similar

character created under the laws of this state," and would, contrary to C. S., sec. 4779, make it not "subject to the laws of the state applicable to like domestic corporations."

Compliance with the constitutional and statutory requirements by a foreign corporation starts the statutes of limitations running in its favor, as well as that in this case running against it. (*Lawrence v. Ballou,* 50 Cal. 258; *Sidway v. Missouri L. & L. S. Co.,* 187 Mo. 649, 86 S. W. 150; *Tiller v. St. Louis & S. F. R. Co.,* 189 Fed. 994; *McCabe v. Illinois Cent. R. Co.,* 13 Fed. 827; *United States Exp. Co. v. Ware,* 20 Wall. (U. S.) 543, 22 L. ed. 422; Fletcher's Cyclopedia of Corporations, sec. 398.) While the statute is in effect a statute of limitations, it is also a rule of law and a rule of property (*Pulliam v. Pulliam,* 10 Fed. 53; *Goodno v. Hotchkiss,* 237 Fed. 686 (701), and a foreign corporation complying with the constitution and laws becomes subject to the provisions of the limitation, the same as a resident corporation. The court, therefore, did not err in denying judgment against the estate of P. H. Blake.

The court supported its finding, in effect a conclusion, that the contract was not in effect, by three other findings: (1) That defendants had by a letter terminated their contract of indemnity; (2) that there existed no consideration for the indemnity agreement after defendants had, to the knowledge of plaintiff, ceased to be officers or stockholders of the bank; (3) that plaintiff had, at request of the bank, given to the state notice of cancelation of the bond under C. S., sec. 314, and later withdrew such notice and continued the bond without defendants' consent; that by so doing, it had released defendants.

[3] The defendants contended that, by a letter written by defendant J. W. Blake, as to which he testified and as to which an exhibit was introduced, identified by him as a copy of "a letter sent by me to the American Surety Company at Salt Lake, Utah," they had terminated the indemnity agreement. Appellant contends that the proof was not sufficient to establish the mailing and receipt of this letter. However, when the copy was offered with the fore-

going identification, appellant's attorney made no objection as to the sufficiency of the proof of mailing, and specifically stated that he had no objection to its introduction in evidence. Such grounds of objection should have been interposed at the time, and the proof, clothed with the presumption surrounding proof of mailing, must under these circumstances be considered as sufficient proof of its mailing and receipt.

[4] However, the letter stating: " . . . . This letter will be a notice to cancel any and all responsibilities in connection with the said bond, or any other bond in connection of the Fidelity State Bank; since his estate and myself haven't any further interest in the bank," was not sufficient to absolve the indemnitors from any liability already accrued for the repayment of funds, if any, already deposited with the bank.

By the provisions of the agreement of indemnity, the Blakes agreed to furnish to the plaintiff a full and complete cancelation and release of its liability upon the bond as a condition of their release from liability as indemnitors.

The indemnitors could not thus secure the writing of a bond by the plaintiff, and the assumption of a liability, and thus summarily relieve themselves from their obligation by notice that they did not choose to be further bound.

[5, 6] It is true that the notice of the indemnitors to the surety company was sufficient to absolve them from further liability accruing after a reasonable time within which the surety could secure its own release, if it chose, by giving notice of withdrawal under C. S., sec. 314. (*Gay v. Ward,* 67 Conn. 147, 34 Atl. 1025, 32 L. R. A. 818); *Furst v. Buss,* 104 Kan. 245, 178 Pac. 411; 31 C. J., p. 429, sec. 23; 2 Black on Rescission and Cancellation, p. 875; Spencer on Suretyship, sec. 103.) There was no proof offered as to the amount of liability, if any, accrued up to the end of such reasonable period after the receipt of this letter purporting to terminate the indemnity agreement, in which the surety could give notice of cancelation of the bond. The indemnity agreement provided that a voucher showing pay-

ment by the plaintiff of any amount paid upon the bond should be *prima facie* evidence of the indemnitors' liability to the surety. Such voucher, introduced in evidence, made a *prima facie* case of liability on behalf of the defendant Blake for the full amount.

[7] So long as the bank remained a depository, there existed a sufficient consideration to support the indemnity agreement. Their ceasing to be stockholders of the bank did not render without consideration the already executed agreement for indemnity. To relieve themselves from the indemnity agreement, it was incumbent upon the indemnitors to relieve the plaintiff from its liability on the bond already assumed.

[8] The fact that plaintiff demanded of the bank a new indemnity agreement did not release defendants in the absence of such new indemnity, or a release of the bond already executed and any liability of the plaintiff thereon.

[9] The act of the plaintiff in continuing the bond after a notice to the state of cancelation was within its rights under the terms of the indemnity agreement, which covered not only the bond, "but all alterations, renewals, extensions or modifications thereof which may be requested or assented to by the principal."

As to the defendant estate, the judgment is affirmed. As to the defendant J. W. Blake, the judgment is reversed and a new trial ordered. Costs to appellant against the respondent J. W. Blake, and costs to the respondent estate against the appellant.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Points Decided.

(December 3, 1927.)

ON PETITION FOR REHEARING.

TAYLOR, J.—In discussing the mailing of the letter purporting to terminate respondents' liability, we did not mean to be understood as holding that its introduction, without objection, with the only evidence offered as to its mailing, was conclusive evidence of its receipt. Upon a new trial, the mailing and receipt of the letter will be an open question.

Petition for rehearing denied.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.