In the Matter of the ESTATE of James A. BAKER, Deceased.

Peter NAUGHTON, Administrator of the Estate of Donald A. Young, Deceased, and Personal Representative of Donald A. Young, Deceased, Appellant (Plaintiff below),

v.

ESTATE of James A. BAKER, Deceased, Appellee (Defendant below).

Nos. 3885, 3886.

Supreme Court of Wyoming.

April 8, 1971.

Rehearing Denied May 19, 1971.

See 484 P.2d 1175.

R. R. Bostwick, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellant.

Edward S. Halsey, Newcastle, George F. Guy, and A. Joseph Williams, of Guy, Williams, White & Mulvaney, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

The litigation here involved arose out of an airplane accident. James A. Baker was flying a plane with Donald A. Young as a guest passenger. The plane crashed and both were killed. Suit was brought by Peter Naughton, administrator of Young's estate, against Baker's estate.

Summary judgment was granted to defendant on the ground that a creditor's claim was not timely filed in the Baker estate. As to the necessity for such filing see Lo Sasso v. Braun, Wyo., 386 P.2d 630, 632. Also, see § 2–227, W.S.1957, which states:

> "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator * * *."

Plaintiff does not challenge our previous holdings to the effect that the timely presentation of a claim in probate is a prerequisite to the maintaining of an action

thereon. Instead, he seeks to bring himself within the exception for filing claims which is contained in § 2–221, W.S.1957. The provisions of this section are:

"All claims whether the same be due, not due, or contingent, must be filed or exhibited within the time limited in the notice and any claim not so filed or exhibited is barred forever; provided, however, that when it it [is] made to appear by the affidavit of the claimant, to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this article, by reason of being out of the state, it may be filed and exhibited at any time before a decree of distribution is entered."

The notice to creditors, as published by the administratrix of the Baker estate, required creditors to file their claims on or before six months from October 31, 1968. A claim was filed by Naughton, as administrator of Young's estate, March 4, 1970. This was before the Baker estate was closed. A hearing was had in connection with the claim, and the probate court ruled such claim was filed out of time.

In the meantime, suit was filed in the district court. Inasmuch as filing of the creditor's claim had been ruled out of time in the probate proceedings, summary judgment was entered in the civil action in favor of defendant and against plaintiff. Young's administrator has appealed, both from the denial of his claim in probate and from the summary judgment in his civil action. We fail to find error in either.

### The Exception

The exception relied on, as stated in § 2–221, applies "when it it [is] made to appear by the affidavit of the claimant" that the claimant had no notice by reason of being out of the state. But Naughton, the claimant, at no time filed an affidavit. Therefore, he did not bring himself within the exception contained in § 2–221.

It is true Patricia Young, widow of Donald A. Young, did file an affidavit September 24, 1969, stating she had not been in Wyoming and had no notice prior to September 23, 1969. The affidavit stated affiant asserted a claim on her own behalf and on behalf of the Young estate; and that she intended to bring an action. No amount was stated in Mrs. Young's affidavit and other requisites for a claim, as set forth in § 2–222, W.S.1957, were not included. There is no contention that the affidavit in and of itself constituted the filing of a claim.

Even if we consider that Mrs. Young could have been a proper claimant and a proper person to make the affidavit allowed in § 2–221, despite the fact that Naughton was administrator of Young's estate in Pennsylvania, it still remains a fact that she did not become a claimant and did not file any claim in the Baker estate.

Thus, Mrs. Young made an affidavit but did not file a claim. Naughton filed a claim but did not make an affidavit. This left what appeared to the district court to be a fatal defect, and it held the claim filed on March 4, 1970, to be out of time because Naughton had not made it appear by his affidavit, to the satisfaction of the court, that the claimant had no notice, by reason of being out of the state.

### Meaning of "No Notice"

Appellant emphasizes the language contained in § 2–221, which indicates a claim may be filed any time "before a decree of distribution is entered." He reasons that since distribution had not been made on March 4, 1970, when his claim was filed, the filing was in time. This contention overlooks the necessity for it to appear the claimant "had no notice."

We know Mrs. Young had notice September 23, 1969, five months and eleven days before Naughton's claim was filed. We still do not know when Naughton had notice. Attention is directed to the fact that Ch. 69, Session Laws of Wyoming 1969, amending § 2–219, W.S.1957, became effective in May, 1969. The amendment provided for publication of notice to creditors and stated the time expressed in the

notice must be three months after its first publication. It is then provided: "Any claim not so filed or exhibited shall be barred."

Thus, as of September 23, 1969 and as of March 4, 1970, persons in Wyoming would be limited to three months, after constructive notice by publication, within which to file their claims. The Young estate filed no claim until five months and eleven days after it had actual notice. This would be an added and sufficient reason for the district court to hold that it had not been made to appear by any means whatever, "to the satisfaction of the court * * * that claimant had no notice * * *."

■ Under the circumstances of this case, we cannot and will not say the court, as a matter of law, should have been satisfied the claimant *had no notice*. At the time when Naughton filed a claim, which is clearly the critical time, Mrs. Young—if we consider her the claimant—had actually had longer notice than the notice required at that time for creditors in general. Therefore, on March 4, 1970, Mrs. Young had had notice; and that notice covered a period of time longer than the statutory length of time then in effect, for notice to creditors. As we have previously indicated, Naughton did not attempt to make it appear by his affidavit that he had no notice.

## Insurance

After the Baker estate was closed and decisions pertaining to plaintiff's claim had been made, plaintiff petitioned the court to reopen the Baker estate and to reconsider the inventory and appraisement of assets. In the petition, it was claimed it had been discovered the inventory and appraisement did not include as an asset of the estate a certain liability insurance policy issued to James A. Baker and covering the involved plane with respect to bodily injuries.

We can understand how an insurance policy might be considered as a potential asset, if a claim is made against the estate in sufficient time and in such manner that there would be a possibility of judgment being obtained in connection with the claim.

■ In this particular case, however, the question of whether Baker's liability insurance policy was an asset of the estate is a moot question because plaintiff did not file a creditor's claim in sufficient time. Both § 2–219, as amended, and § 2–221, W.S. 1957, make it clear that a claim not timely filed shall be barred.

Sections 2–307, 2–308 and 2–309, W.S. 1957, have to do with the reopening of estates for the purpose of administering upon after-discovered property, or for the correction of descriptions. There is nothing in these statutes, or in any other statute called to our attention, which would indicate that the time for filing creditor claims would be reopened. Unless there is a particular reason for that to happen, it would not happen. Indeed, § 2–309 states specifically:

"* * * but no proceedings shall be taken by such court after the re-opening of an estate except such proceedings as may be necessary to administer upon after-discovered property, or to correct any errors made in the description of the estate administered upon in the course of the original proceeding, and any orders or decrees of said court made necessary by the re-opening of the estate shall be designated as supplemental orders or decrees."

Hence, if the reopening of an estate does not reopen the time for filing creditor claims, then reopening of the Baker estate could not benefit appellant. The question of whether Baker's insurance policy was an asset of the estate is therefore a moot question as far as this case is concerned.

Appellant cites no statutory or case authority which would indicate that reopening of an estate would reopen the time for filing creditor claims. Instead, he seeks to rely on two Illinois cases—Schloegl v. Nardi, 92 Ill.App.2d 302, 234 N.E.2d 558; and In re Palmer's Estate, 41 Ill.App.2d 234, 190 N.E.2d 500.

These cases stand for the proposition that, in Illinois, the time for filing of an action for damages resulting from alleged tortious acts of a deceased person is not limited to the period of administration of the deceased person's estate; and, if the causes of action asserted are ever reduced to judgment, any satisfaction would be required to be obtained from assets of the decedent not inventoried and properly administered. Nothing in the cases suggests a reopening of the time for filing creditor claims.

Moreover, regardless of what the law may be in Illinois, the law in Wyoming, as we have already stated, is that timely presentation of a claim in probate is a prerequisite to the maintaining of an action. Lo Sasso v. Braun, Wyo., 386 P.2d 630, 632; §§ 2–221 and 2–227, W.S.1957; and § 2–219, W.S.1957, 1969 Cum.Supp.

We find no basis for saying the district court acted improperly, in either probate proceedings or in connection with plaintiff's civil action.

Affirmed.