In the Matter of the ESTATE of James A. BAKER, Deceased.

Peter NAUGHTON, Administrator of the Estate of Donald A. Young, Deceased, and Personal Representative of Donald A. Young, Deceased, Appellant (Plaintiff below),

v.

ESTATE of James A. BAKER, Deceased, Appellee (Defendant below).

Nos. 3885, 3886.

Supreme Court of Wyoming.

May, 19, 1971.

R. R. Bostwick of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellant.

Edward S. Halsey, Newcastle, George F. Guy and A. Joseph Williams, of Guy, Williams, White & Mulvaney, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

ON PETITION FOR REHEARING

PER CURIAM.

The appellant in this matter has filed a petition for rehearing claiming our original opinion, 483 P.2d 513, contains two erroneous statements. The first statement said to be incorrect is this:

"But Naughton, the claimant, at no time filed an affidavit.

The second statement said to be incorrect is:

"Naughton filed a claim but did not make an affidavit."

Strictly speaking, of course, appellant is right because Naughton did file an affidavit in connection with a petition for rehearing or reopening of the Baker estate, on April 6, 1970, which was more than a month after his creditor's claim had been filed; after the district court had made its ruling that the claim was filed out of time;

and after Naughton had commenced his civil action in the district court.

■ Section 2–221, W.S.1957, contemplates that an out-of-state claimant can take advantage of the exception therein provided, only when it is made to appear by claimant's affidavit that he had no notice of the time when a creditor's claim should be filed.

When we said, in the original opinion, that Naughton had not made or filed an affidavit, we of course meant he had not done so as of the time his claim was filed and hearing had thereon. The opinion should be modified to reflect that subsequently, in connection with his petition for reopening the estate under §§ 2–307—2–309, W.S.1957, Naughton did file an affidavit.

■ Even that affidavit, however, appears to be insufficient to meet the requirements of § 2–221. Naughton merely states in his affidavit that at no time was "I ever notified" with respect to the time required and limited for the filing of a creditor's claim. Of course, nothing in any of the probate statutes contemplates an individual notification to a creditor like Naughton, except by publication of notice to creditors. Such constructive notice is given to all creditors inside and outside of Wyoming.

In any event, we find no reason to change the result reached in our original opinion.

Petition for rehearing is therefore denied.