[No. 2621-1.    Division One.    May 5, 1975.]

SCOTT PAPER COMPANY, *Respondent*, v. BURLINGTON NORTHERN, INC., *Appellant*.

*Robert C. Williams,* for appellant.

*Anderson, Hunter, Dewell, Baker & Collins* and *William W. Baker,* for respondent.

WILLIAMS, C.J.—This action was brought to recover money alleged to be due on a contract. Trial was to the court without a jury, and resulted in a judgment in favor of the plaintiff, Scott Paper Company, and against the defendant, Burlington Northern, Inc., in the sum of $19,366.22, and for continuing reimbursement during the life of the contract. From this judgment, Burlington Northern appeals.

The essential facts to be stated are these: On January 25, 1943, a predecessor of Scott Paper entered into a contract with the predecessor of Burlington Northern for the purchase of certain timber standing upon about 22,000 acres of land in the Green River watershed of King County. The life of the contract was 35 years with a 5-year extension to remove downed timber. Stumpage payments for all logs cut and shipped by the purchaser were to be made either upon the basis of a scale made by an official scaler in Puget Sound waters, or upon a scale made by Scott Paper if the logs were not shipped to those waters. In either event, Scott Paper was to pay the expenses of the scaling, but was to be reimbursed by Burlington Northern for one-half of the scaling cost of those logs scaled by an official scaler in Puget Sound waters. The dispute is over the reimbursement feature. Scott Paper contends, and the trial court decided, that Burlington Northern must reimburse Scott Paper for one-half of the scaling charges if an independent scaling agency, in effect, Puget Sound Log Scaling & Grading Bureau, makes the scale; Burlington Northern contends that it is responsible for one-half of the scaling charges only when the logs are scaled "in Puget Sound waters."

The rules of construction of contracts are known and have often been reported. *See Grant County Constructors v. E.V. Lane Corp.,* 77 Wn.2d 110, 459 P.2d 947 (1969). At the time that the contract was made, the provisions for

scaling were sensible. Most of the logs cut from the forests of the Pacific Northwest were transported to water and scaled there either by the Puget Sound Log Scaling & Grading Bureau or some other independent scaler. Logs cut from the forests and shipped overland were scaled either by the seller or the purchaser. The parties in this case contemplated that most of the logs cut under their contract would go to Lake Washington, which was understood to be one of the waters of Puget Sound.

Sometime after the inception of the contract, logging practices in the Pacific Northwest, including scaling and grading methods, changed dramatically. Most of the logs came to be transported overland by railroad or truck rather than being dumped into Puget Sound and towed to their destination. A method of scaling on land was developed whereby the logs were placed upon a grid, all surfaces examined, and both ends measured. This proved to be the most accurate method. In 1967, it was adopted by Scott Paper in connection with the contract under consideration.

At present, no water scaling is done in King County although there are dumps in Pierce County where it can be accomplished. There is no question but that it would be both economically and logically impractical to ship the logs to these sites for the sole purpose of having them water scaled. The only reasonable course of action open to Scott Paper and Burlington Northern in the performance of the contract is now, and since 1967 has been, to scale on land and "not in Puget Sound waters."

■ The following rule applies:

Where impossibility of performing part of the performance promised by a party to a bargain is of such character that if it related to the entire performance it would prevent the imposition of a duty or would discharge a duty that had arisen, and the remainder of the performance is not made materially more difficult or disadvantageous than it would have been if there had been no impossibility, the existence of duty is affected only as to that part; and if performance of the whole contract is possible with only an unsubstantial variation, the promi-

sor is under a duty to render performance with that variation.

Restatement of Contracts § 463 (1932). *See Brown v. Ehlinger*, 90 Wash. 585, 156 P. 544 (1916). The impossibility referred to in this section of the Restatement does not mean an absolute impossibility, but rather an impracticality of performance. Restatement of Contracts § 464 (1932), adopted in dicta in *Cannon v. Huhndorf*, 67 Wn.2d 778, 409 P.2d 865 (1966). 6 A. Corbin, *Contracts* § 1333, at 372 (1962).

There is no evidence that Burlington Northern has in any way suffered because the logs have been scaled on land rather than in the water since 1967. Indeed, according to the evidence, the land method is more accurate and, therefore, fairer to both parties. We agree with the trial court that there is no need to change the sharing of the expense of scaling simply because it is now accomplished on land rather than in the water. The essence of the part of the contract dealing with scaling is that there be an official scaler, if possible. The Puget Sound Log Scaling & Grading Bureau has been performing that service and, presumably, will continue to do so unless Scott Paper decides to accomplish the work by using its own employees as permitted by the contract. The reference to Puget Sound waters is purely incidental, and the change in location of the official scaling from water to land is an unsubstantial variation in the performance of the contract when considered in the light of its main purpose, which is the sale of a huge amount of timber.

■ Burlington Northern also contends that the court erred in awarding prejudgment interest. Interest prior to judgment is allowable when a claim is liquidated.

"A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion. Examples are claims upon promises to pay a fixed sum, claims for money had and received, claims for money paid out, and claims for goods or services to be paid for at an agreed rate.

*Mall Tool Co. v. Far West Equip. Co.*, 45 Wn.2d 158, 170, 273 P.2d 652 (1954); *Green v. Rocket Research Corp.*, 12 Wn. App. 613, 530 P.2d 1340 (1974). It was established that Burlington Northern is liable for one-half of the cost of the scaling done by Puget Sound Log Scaling & Grading Bureau. The amount due can be computed with exactness, without reliance upon opinion or discretion. It is therefore liquidated.

The judgment is affirmed.

SWANSON and CALLOW, JJ., concur.