**In the Matter of the ESTATE of Paul Gilmore SMITH, aka Paul G. Smith, Deceased.**

**ASSOCIATED AVIATION UNDER-WRITERS, Appellant (Claimant below),**

v.

**Mary Julia SMITH, Administratrix of the Estate of Paul Gilmore Smith, aka Paul G. Smith, Deceased, Appellee (Objector below).**

No. 5093.

Supreme Court of Wyoming.

July 17, 1979.

John B. Rogers and J. P. Johnston, Cheyenne, for appellant.

Robert H. McCrary, of Schwartz, Bon & McCrary, Casper, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-claimant appeals from an order of the probate court denying appellant's motion to file a claim against appellee-estate at a time subsequent to three months after first publication of the notice to creditors, the statutorily set time for filing claims.[1] Appellant contended that it came within the exception provided by § 2–6–203, W.S.1977 to the three month requirement because it was absent from the state.[2] We affirm.

On July 14, 1976, while parked at the Natrona County Airport, an aircraft belonging to Hughes Tool Company was struck and damaged by an aircraft being taxied by deceased to a tie-down area. On December 21, 1976, appellant, as insurer for Hughes Tool Company, made a $6,142.21 payment to such company for the damage to its aircraft. In a demand letter to deceased dated January 4, 1977, appellant stated that "[w]e insure Hughes Tool Company, et al through our member company, Federal Insurance Company."

Deceased died on May 6, 1977. The administratrix was appointed on June 3, 1977. The notice to creditors was first published on June 16, 1977, establishing the date of September 16, 1977 as the deadline for the filing of claims against the estate.[3]

The claim here in question was first filed on March 8, 1978, by Hughes Tool Company.[4] A motion for leave to file it under the exception provided by § 2–6–203 [5] was filed by appellant's Wyoming attorney on behalf of Hughes Tool Company on April 19, 1978. The motion was supported by an affidavit of Allen Mansfield, in which he said he was Manager of Risk Insurance for the Hughes Tool Company. Appellee objected to the claim inasmuch as Hughes Tool Company was authorized to do business in the state and had a designated resident agent in the state, thus not qualifying for the out-of-

---

1. Section 2–6–201, W.S.1977 provides:

   "Every executor or administrator must, within ten (10) days after his letters are issued, cause to be published, in some newspaper in the county, if there be one, if not, then in such newspaper as may be designated by the judge, or court, a notice to the creditors of the decedent, requiring all persons having claims against decedent to file them, with the necessary vouchers, in the office of the clerk of the court from which the letters were issued, or to exhibit them, with the necessary vouchers, to the executor or administrator, or to some competent person, at the place of his residence or business to be specified in the notice, provided, said residence or place of business shall be in the county in which said proceeding is had. Such notice must be published not less than once week for three (3) weeks. The time expressed in the notice must be three (3) months after its first publication. Any claim not so filed or exhibited shall be barred."

2. Section 2–6–203 provides:

   "All claims whether the same be due, not due, or contingent, must be filed or exhibited within the time limited in the notice and any claim not so filed or exhibited is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this article, by reason of being out of the state, it may be filed and exhibited at any time before a decree of distribution is entered."

3. See footnote 1.

4. The claim was dated February 17, 1978, and it was originally typed as a claim of appellant with the jurat typed for the signature of Shields B. Craft on behalf of appellant. Craft's name and appellant's name were "whited out" and the names of "Hughes Tool Company" and "Allen Mansfield, Manger [sic], Risk Insurance," were inserted.

5. See footnote 2.

state exception to late filings provided by § 2–6–203.

Appellant's attorney then filed a motion to allow entry of the claim, which was again presented—this time on behalf of appellant and with the jurat signed by the attorney on behalf of appellant. The affidavit accompanying the claim was also signed by the attorney. It alleged that appellant first learned of the death of deceased in February 1978, and that appellant was "a Texas based business and had no notice of the death or of the fact of probate" by reason of being out of the state of Wyoming. It reflected that appellant was the insurer for Hughes Tool Company. This appeal is from the order denying the motion.

Appellant is here asking us to declare that the probate court abused its discretion in its determination that appellant did not avoid constructive notice of the time for filing claims by reason of being out of the state. The statute gives broad discretion to the probate court in this respect.[6] It provides that appellant must establish its position "to the satisfaction of the court." A review of the record in this case does not reflect that the probate court's determination was clearly unreasonable or untenable or against the logic of the facts and of the deductions reasonably drawn therefrom. It was therefore not an abuse of discretion. *Sinclair v. Sinclair,* 98 Ohio App. 308, 129 N.E.2d 311 (1954); *Schaub's, Inc. v. Department of Alcoholic Beverage Control,* 153 Cal.App.2d 858, 315 P.2d 459 (1957); *Oneal v. Colton Consolidated School District No. 306,* 16 Wash.App. 488, 557 P.2d 11 (1976); *Weeks v. Burnor,* 132 Vt. 603, 326 A.2d 138 (1974); *Redwine v. Fitzhugh,* 78 Wyo. 407, 329 P.2d 257, reh. den. 78 Wyo. 426, 330 P.2d 112 (1958); *Howard v. Lindmier,* 67 Wyo. 78, 214 P.2d 737 (1950); *Puterman v. Puterman,* 66 Wyo. 89, 205 P.2d 815 (1949).

An analysis of appellant's status with reference to "being out of the state" reflects the logic and reasonableness of the probate court's determination. Appellant is not an individual, and the affidavit filed by it does not contend it to have a corporate status. There was sufficient indication of activity by appellant's agents and representatives within the state to warrant the conclusion that appellant's group or association was not "out of the state."

The question as to whether or not an individual claimant was out of the state can be answered by determining the physical whereabouts of the individual during the period of publication of the notice. When the question concerns a corporation or any claimant other than an individual, the determination is more complicated since such corporation or nonindividual claimant can only act, or be present within the state, through agents or representatives.

With reference to corporations, it has been held that registration to do business in the state and appointment of an agent for service in the state established the presence for constructive notice; and conversely, lack of such registration and such appointment has been held to qualify the corporation as being "out of the state" and within the exception provided by § 2–6–203.[7] *Pacific States Savings, Loan & Building Co. v. Fox,* 25 Nev. 229, 59 P. 4 (1899); *American Surety Company of New York v. Blake,* 45 Idaho 159, 261 P. 239 (1927); *Penn Mut. Life Ins. Co. v. Beauchamp,* 57 Idaho 530, 66 P.2d 1020 (1937).

6. See footnote 2.

7. This is not to say that we agree or disagree with these holdings. It is difficult to ascribe an intention on the part of the legislature to penalize state resident claimants by giving a longer period for the filing of claims to nonresidents than to residents. Section 2–6–203 may more properly be read to extend the period only to residents who, *once present,* are absent from the state during the notice period. This case is disposed of on other grounds, and we may never be called upon to directly consider this question inasmuch as the legislature changed this provision in the 1979 enactment of the Probate Code to become effective April 1, 1980 to delete the exception. The new section reads:

"(a) All claims, whether the same be due, not due or contingent, shall be filed in duplicate with the Clerk of Court within the time limited in the notice to creditors and any claim not so filed is barred forever." Section 2–7–803(a), W.S.1977, in amended form.

Appellant argues that these holdings should control both its status in this case and the disposition of this case inasmuch as it contends itself to be a "Lloyds Plan" corporation or an "insurance corporation" composed of a group of businesses—an organizational structure "quite common to the insurance world." Appellee disputes appellant's contention of corporate status. We will not consider this specific issue since the affidavit filed by appellant pursuant to the statute (§ 2–6–203) does not aver a corporate status. It describes appellant only as a "Texas based business." The affidavit must show that claimant is clearly within the statutory exception. *In Re Estate of Baker,* Wyo., 483 P.2d 513 (1971), reh. den. 484 P.2d 1175; *Thomas v. Bivin,* 34 Wyo. 317, 243 P. 130 (1926). Any contention based on corporate status cannot be maintained by appellant under this affidavit.

■ The remaining consideration, then, is whether or not the probate judge had sufficient basis to reasonably conclude that the "group of businesses" which made up appellant, a Texas based business, had sufficient contact, sufficient representation, or sufficient activity in the state of Wyoming to charge it with being in the state for the purpose of disqualifying it from the exception of § 2–6–203. Appellant had the burden to make the contrary appear "to the satisfaction of the court, or judge thereof."

An association, partnership and similar groups can only operate, as an entity, through agents. In appellant's demand letter of January 4, 1977, it stated that the insurance was through one of its members. The affidavit did not negative notice, actual or constructive, to this member. Appellant's Wyoming attorney executed the claim of appellant, and he executed the affidavit for exemption under § 2–6–203, attesting to the facts recited therein. The fact that the original claim in this matter was filed by the insured on a form originally prepared for appellant, and the fact that appellant's Wyoming attorney filed the mo-

tion to allow entry of that claim, are some evidence of an agency or representation relationship between appellant and the insured, Hughes Tool Company, a corporation which was not "out of the state."[8]

By presenting its claim, appellant was fulfilling a prerequisite to the filing of a legal action on it in this state. A legal action may be instituted by a partnership or unincorporated association in its own name, Rule 17(b), W.R.C.P. And a partnership or unincorporated association may be sued in its own name. Appellant carried on activities through its members in this state.

All of these factors provide sufficient basis for the probate court to logically and reasonably be satisfied that appellant was not "out of the state" for the purpose of § 2–6–203. Such court did not abuse its discretion in so concluding.

Affirmed.

---

8. This is not to suggest the existence of constructive notice to a subrogated insurer on the basis of notice to insured, but is referred to only with reference to a possible agency or representation relationship under the facts of this particular case.