The HOME INDEMNITY COMPANY, Plaintiff,

v.

Joseph V. FAMULARO and Alton L. Perington, Defendants.

Civ. A. No. 80-K-1780.

United States District Court, D. Colorado.

Jan. 28, 1982.

John R. Hickisch, Weller, Friedrich, Hickisch & Hazlitt, Denver, Colo., for plaintiff.

Robert D. Gower, Bowman, Shambaugh, Geissinger & Wright, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a diversity action by plaintiff, a New York corporation, against defendants, who are Colorado citizens and former officers of Famularo, Inc., for the breach of an indemnity agreement. In July, 1979, plaintiff issued a bond (required by C.R.S.1973, 12–16–105(2) as a condition for the licensing of agricultural dealers) with Famularo, Inc., as principal and the State of Colorado as obligee. The defendants, in turn, agreed to indemnify the plaintiff against any loss suffered by plaintiff by reason of the bond. In November, 1980, Colorado made a claim on the bond, and plaintiff paid $15,000. When the defendants refused to reimburse, the plaintiff brought this action for breach of the indemnity agreement.

Plaintiff subsequently moved for summary judgment pursuant to F.R.Civ.P. 56, attaching to its motion copies of the indemnity agreement, the state's claim on the bond, and the paid draft by the plaintiff on the state's claim.

The defendants' answer admitted the execution of the contract of indemnity, and, in their reply brief, also admitted that the bond was executed. They nevertheless alleged the existence of a genuine issue of material fact whether the bond and indemnity agreement had expired or been cancelled. Defendants cited a letter from the agency representing plaintiff, the E. T. O'Brien agency, indicating that the bond would expire on June 30, 1980, unless the defendants provided certain financial information. The defendants claim they did not provide the requested information and therefore, the contract terminated, and plaintiff subsequently paid the state's claim as a volunteer.

By minute order dated September 8, 1981, I requested that the defendants file with the court and with opposing counsel copies of the letter in question or affidavits as to its contents. A similar order on September 29, 1981, required the filing within five days. Affidavits were filed on October 9, 1981, and a copy of the letter was received by the court on October 20, 1981. In the absence of any opposing affidavits by plaintiff, I denied the motion for summary judgment, by Order dated October 21, 1981.

On October 27, 1981, plaintiff filed a motion for reconsideration [1] of my October 21, 1981 Order, pursuant to F.R.Civ.P. 60, charging that defendants had failed to serve copies of the affidavits on plaintiff, and that counsel for plaintiff had not even seen the affidavits until October 22, one day after my order issued. Plaintiff's counsel did not receive a copy of the letter until October 21, the day of my order. The plaintiff claims that it would have submitted counter affidavits and other evidentiary materials had it been properly served with the defendants' letter and affidavit.

---

**1.** By minute order dated October 29, 1981, defendants were ordered to file an answer brief to plaintiff's motion for reconsideration by November 6, 1981. As of the date of this order, no answer brief has been filed.

Accordingly, the plaintiff filed on October 27, 1981, a brief in support of its motion for reconsideration accompanied by a copy of request for admissions served on defendants on July 29, 1981. The defendants had failed to respond to the plaintiff's request for admissions, and therefore the requests are deemed admitted, F.R.Civ.P. 36(b). *Luick v. Graybar Electric Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973); *John Mohr & Sons v. Apex Terminal Warehouses, Inc.*, 422 F.2d 638, 642 (7th Cir. 1970). A summary judgment may be based on the matter deemed admitted. *Batson v. Porter*, 154 F.2d 566, 568 (4th Cir. 1946); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966).

By their failure to respond to the request for admissions, the defendants, in addition to admitting the genuineness of all relevant documents[2] admitted that "at least $15,000 of the State of Colorado's claim was with regard to claims against Famularo, Inc., which arose prior to the time the bond was cancelled." *See* Request for Admissions, No. 17. This admission renders irrelevant the question whether the bond expired or was cancelled in June, 1980, since it "conclusively establishes" that the claim paid by plaintiff had accrued *prior* to the alleged cancellation. There can be no question that a surety remains liable upon cancellation for any rights acquired by the obligee prior to cancellation. *American Surety Co. of New York v. Blake, et al.*, 45 Idaho 159, 261 P. 239, 241 (1927); cf. cases cited in 72 C.J.S. Principal and Surety § 131, nn. 63, 64; 50 C.J. Principal and Surety § 153, n.65. On the same authority, there is no question that defendants remain liable to reimburse the plaintiff for its liability accrued on the surety bond to the state prior to any alleged "cancellation" by

defendants.[3] Thus, the question whether the bond or the indemnity contract was or could be cancelled is not a material issue of fact, since even if defendants' contentions in this regard are accepted, their liability remains. There being no genuine issues of material fact presented in this case, on reconsideration I grant the plaintiff's motion for summary judgment. It is hereby

ORDERED that the plaintiff's motion for summary judgment is granted and judgment shall enter for plaintiff for $15,833.60, plus interest and costs.

---

**2.** This admission includes the genuineness of the verified statements of claim attached to the Request for Admissions, which statements indicate that at least $15,000 of the state's claim accrued prior to the alleged termination date.

**3.** The defendants appear to recognize this elementary principle of surety law by their framing of the issue in their reply brief to plaintiff's

motion for summary judgment in the following language:

> Defendants raised the issue that the bond and the indemnity agreement had expired prior to the time any claims against defendants had accrued for which the plaintiff would be obligated to pay under the terms of the bond." (Emphasis added) Defendants Reply Brief, p. 1.